**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MICHAEL MARKS,

                                                   CASE NO.: 3:22-cv-330

      Plaintiff,

v.

EDWIN JAMES WILLIS, an individual,
And J.B. HUNT TRANSPORT, INC.,
a Foreign Profit Corporation

      Defendants.
_____/

## <u>NOTICE OF REMOVAL</u>

Defendant, J.B. HUNT TRANSPORT, INC. ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. sections 1332, 1441, and 1446, hereby files this Notice of Removal of the above-captioned case pending in the Circuit Court of the Third Judicial Circuit in and for Columbia County, Florida, to the United States District Court for the Middle District of Florida and states:

### I.  <u>Procedural Requirements</u>

1.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served or filed in the state court proceeding are attached as **Composite Exhibit 1.**

2.      By filing this Notice of Removal, Defendant does not waive any defenses that may be available to it, nor does it concede that Plaintiff has stated a claim upon which relief can be granted.

3.      A copy of this Notice will be expeditiously filed in Circuit Court of the Third Judicial Circuit in and for Columbia County, Florida, where this action arose, and will be served upon Plaintiff's counsel.

## II. <u>Nature of the Action</u>

4.      Plaintiff filed the subject Complaint against Defendant on October 11, 2021, in the Circuit Court of the Third Judicial Circuit in and for Columbia County, Florida, under Case No. 21-261-CA. The Complaint was served upon Defendant on or about December 8, 2021, and on Defendant EDWIN JAMES WILLIS on or about February 23, 2022. *See* Notice of Service of Process attached hereto as **Composite Exhibit 2.**

5.      In the Complaint Plaintiff asserts that: "[a]t all time material to this action, Plaintiff, MICHAEL MARKS was a natural person residing in Marion County, Florida." *See* Plaintiff's Complaint, attached hereto as **Exhibit 3,** at ¶ 2.

6.      With regard to named co-defendant EDWIN JAMES WILLIS, Plaintiff asserts in the Complaint that: [a]t all times material to this action, Defendant, EDWIN JAMES WILLIS, was a natural person residing in Loganville, Georgia." *Id*. at ¶ 3.

2

7.      With regard to Defendant, J.B. HUNT TRANSPORT, INC., Plaintiff asserts in the Complaint that: "[a]t all times material to this action, Defendant, J.B. HUNT TRANSPORT, INC., was a foreign profit corporation, principally located and doing business in Lowell, Arkansas." *See* Exhibit 3, at ¶ 4.

8.      The Complaint alleges damages that exceed the sum of thirty thousand dollars ($30,000), but the Complaint does not specify the precise dollar value of Plaintiff's claim. *Id.*

9.      However, in the Complaint, Plaintiff alleges "Plaintiff, MICHAEL C. MARKS, demands judgment for damages against Defendant, JB HUNT TRANSPORT, INC., a foreign profit corporation, for personal injuries including the losses enumerated herein, costs, and for other such relief as may be just, equitable and otherwise deemed proper by the Court." *Id.* at Count II WHEREFORE Paragraph.

10.     Although Plaintiff does not explicitly assert a dollar amount for the damages alleged in the Complaint, "other papers," including documents and testimony produced by Plaintiff after the filing of the operative complaint, evidence that the threshold amount for federal court jurisdiction is satisfied.

11.     Specifically, on February 21, 2022, Plaintiff filed and served answers to Defendant's Interrogatories. In Plaintiff's answers to Defendant's Interrogatories, Plaintiff asserts economic damages incurred as a result of the subject motor vehicle

accident. Specifically, Plaintiff asserts medical bills, related to the treatment and care of his alleged injuries, totaling at least $301,067.31. *See* Plaintiff's Answers to Defendant J.B. HUNT TRANSPORT, INC.'s First Set of Interrogatories attached hereto as **Exhibit 4** at p. 4.

12.     In addition to the asserted medical bills, Plaintiff also asserts claims for lost wages and the loss of future wages. In Plaintiff's response to Defendant's Interrogatory No. 12, Plaintiff provides that: "I am claiming loss wages for past and future wages due to this accident. My family and I lost everything due to this accident." *Id.* at p. 5.

13.     Therefore, this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332 and removal is proper under 28 U.S.C. §§ 1441 and 1446, because this is a civil action between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332, 1441, and 1446.

14.     This Notice of Removal is timely because it is being filed following Defendant becoming aware that the matter qualified for removal due to Plaintiff alleging and producing evidence to Defendant that shows, by a preponderance of the evidence, that Plaintiff's total damages award would likely exceed the jurisdictional threshold amount. 28 U.S.C. 1446(b).

### III. <u>Complete Diversity Exists</u>

15.     Complete diversity of citizenship exists because Plaintiff was a citizen of Florida at the time of the subject motor vehicle accident alleged in the Complaint, and is now a citizen of South Carolina. Defendant Edwin James Willis was and is a citizen of Georgia, and Defendant J.B. Hunt Transport was and is a citizen of Arkansas.

*Plaintiff was a Citizen of Florida and is a Citizen of South Carolina*

16.     As alleged in the Complaint, "[a]t all time material to this action, Plaintiff, MICHAEL MARKS was a natural person residing in Marion County, Florida." *See* Exhibit 3, at ¶ 2.

17.     The subject accident, giving rise to the Complaint, is alleged to have occurred in Columbia County, Florida. *Id.* at ¶ 6.

18.     However, there is evidence that Plaintiff is now a resident of, domiciled in, and intends to remain in South Carolina.

19.     In Plaintiff's answers to Defendant's Interrogatories, Plaintiff asserts that he currently resides at an address located in Myrtle Beach, South Carolina. Plaintiff's answers also evidence that he has resided in South Carolina continuously since 2018. *See* Exhibit 4 at p. 1-2.

20.     As further evidence that Plaintiff is a resident of, domiciled in, and intends to remain in South Carolina, in Plaintiff's answers to Defendant's

Interrogatories, Plaintiff lists his employment history since 2017 that provides that Plaintiff is currently employed by an entity located in Myrtle Beach, South Carolina. *Id.* at p. 1-2.

21.    Additionally, in Plaintiff's answers to Defendant's Interrogatories, Plaintiff lists several treating medical providers, including several located in South Caroline. Moreover, Plaintiff's provides that his "primary doctor" is located in Little River, South Carolina. *Id.* at p. 4-5.

22.    Lastly, in Plaintiff's answer to Defendant's Interrogatories, Plaintiff provides that: "I had to move my family up to South Carolina to live with my parents so they could help. We just recently moved into our own home." *Id.* at p. 5.

23.    The totality of the evidence provided thus far demonstrates that Plaintiff was a citizen of Florida at the time of the events alleged in the Complaint, but he is now a resident of, domiciled in, and intends to remain in South Carolina.

### *Defendant Edwin James Willis is a Citizen of Georgia*

24.    As alleged in the Complaint, Defendant EDWIN JAMES WILLIS was a resident of Loganville, Georgia. *See* Exhibit 3, at ¶ 3.

### *Defendant J.B. Hunt Transport, Inc. is a Citizen of Arkansas*

25.    For purposes of diversity, a corporation is "deemed" to be a citizen of its state of incorporation and its principal place of business. *See* 28 U.S.C. § 1332(c).

6

26.     Defendant is a citizen of the State of Arkansas because its principal place of business is in Arkansas. *See* Defendant's Foreign Corporation Annual Reports for 2018 and 2022, attached hereto as **Composite Exhibit 5.**

27.     This evidence demonstrates that Defendant was and is an Arkansas corporation with its principal place of business in Arkansas.

28.     Accordingly, the parties are diverse and this action satisfies the requirements of 28 U.S.C. § 1332.

### IV. <u>Amount in Controversy Exceeds $75,000.00</u>

29.     The amount in controversy in this case exceeds the sum or value of $75,000.00, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a).

30.     In assessing the amount in controversy, "the court considers the document[s] received by the defendant from the plaintiff . . . and determines whether [those] document and the notice of removal unambiguously establish federal jurisdiction." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 (11th Cir. 2007).

31.     If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a

preponderance of the evidence." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007).

32.    Federal courts have found that evidence that the amount in controversy in a case will more likely than not exceed the $75,000.00 minimum for federal diversity jurisdiction can be and is correctly based on a plaintiff's responses or refusal to respond to a defendant's discovery requests directed at assessing a plaintiff's potential damages. *See Logsdon v. Duron, Inc.*, 3:05CV243J-16HTS, 2005 WL 1163095, at *4 (M.D. Fla. May 17, 2005) (finding that evidence submitted by the Defendant showed that the amount in controversy in the case would more likely than not exceed the $75,000.00 minimum for federal diversity jurisdiction, when the Plaintiff consistently refused to clearly state that his damages would not exceed $75,000.00, and where that evasiveness and refusal to limit the damages was evident in both the Plaintiff's deposition testimony and the written discovery propounded by the Defendant). *See also Frith v. Auto-Owners Ins. Co.*, 8:08-CV-311-T-24TGW, 2008 WL 1897586 (M.D. Fla. Apr. 28, 2008); 28 U.S.C. § 1332(a).

33.    Even after a court has already ruled against removal and remanded a case to state court, "section 1446(b) allows [a defendant] to file successive removals based on [a] different factual basis." *Sibilia v. Makita Corp.*, 782 F. Supp. 2d 1329, 1331 (M.D. Fla. 2010) (quoting *Sudduth v. Equitable Life Assur. Society,* No. 07–

0436, 2007 WL 2460758, at *4 (S.D. Ala. Aug. 27, 2007)). In *Sibilia*, this Court

denied Plaintiff's Motion to Remand and held:

> Thus, "section 1446(b) allows [a defendant] to file successive removals based on [a] different factual basis." *Sudduth,* 2007 WL 2460758, at *4. And this is precisely the situation here; **Defendant's second removal is based on Plaintiff's amended response to the requests for admissions admitting the amount in controversy to establish federal court jurisdiction. This "other paper" was not available at the time of the first removal.**

*Id.* (Emphasis added).

34.    Moreover, in *Taylor v. Tractor Supply Co.*, this Court denied Plaintiff's

Motion for Remand to State Court and based its holding on the *Sibilia* case. As this

Court explained, "defendant removed the case after discovery and upon review of

'other paper'. Therefore, the second removal was not prohibited." No. 2:14-CV-555-

FTM-29, 2014 WL 5473558, at *2 (M.D. Fla. Oct. 28, 2014). Although this is

Defendant's first attempt at removal, the same legal authority applies.

35.    Here, Defendant is seeking to remove this action to federal court in

response to Plaintiff's discovery responses and documents produced by Plaintiff on

February 21, 2022. It is evident from the Interrogatory responses and other papers

produced by Plaintiff that the amount in controversy in this case is at least

$301,067.31 and therefore exceeds the $75,000.00 minimum for federal diversity

jurisdiction. *See* Exhibit 4 at p. 4.

36.    Regarding lost wages, although Plaintiff does not state a specific dollar

amount, Plaintiff does assert that he is seeking damages related to lost wages in

response to Defendant's Interrogatories. Specifically, Plaintiff states that he is "claiming loss wages for past and future wages… [and] lost everything due to this accident." *Id.* at p. 5.

37.    Lastly, as noted above, Plaintiff "demands judgment against Defendant, JB HUNT TRANSPORT, INC., … for personal injuries including the losses enumerated herein, costs, and for other such relief as may be just, equitable and otherwise deemed proper by the Court." *See* Exhibit 3, at Count II WHEREFORE Paragraph.

38.    Therefore, Plaintiff's answers to Defendant's discovery requests establish that the amount in controversy exceeds $75,000.00. Just as in the aforementioned cases, Plaintiff's discovery responses constitute "other papers," which did not exist at the time Plaintiff filed and served the initial Complaint. *See POB Investments, LLC v. Frontline Ins. Unlimited Co.,* 6:20-CV-2238-PGB-DCI, 2021 WL 5284302, at *2 (M.D. Fla. May 3, 2021); *Sullivan v. Nat'l Gen. Ins. Online, Inc.,* 3:17-cv-1387, 2018 WL 3650115, at *6 (M.D. Fla. Apr. 17, 2018); *Vill. Square Condo. of Orlando, Inc. v. Nationwide Mut. Fire Ins.*, No. 6:09-cv-1711, 2009 WL 4855700, at *3 (M.D. Fla. Dec. 10, 2009); *see also United Prop. & Cas. Ins. v. A & E Factory, LLC*, No. 6:14-cv-1987, 2015 WL 328223, at *2 (M.D. Fla. Jan. 26, 2015) (collecting cases).

39.     The preponderance of evidence provided above shows that the amount in controversy will likely exceed $75,000.00 and that this case is removable. Plaintiff has produced discovery responses and documents that demonstrate that his damages will exceed the amount in controversy threshold and has asserted a right to recover additional economic and non-economic past and future damages.

40.     Plaintiff's discovery responses, coupled with Plaintiff's alleged damages, more than satisfy the amount in controversy threshold for diversity jurisdiction.

41.     Accordingly, removal is proper because the parties are diverse, and Defendant has plausibly alleged that the amount in controversy in this matter will exceed $75,000.00.

42.     This Court is the District Court embracing Columbia County, Florida, in which the underlying state court action is currently pending.

43.     In conclusion, all conditions for removal have been satisfied.

**WHEREFORE**, Defendant, J.B. Hunt Transport, Inc., hereby gives notice of removing this action from the Circuit Court of the Third Judicial Circuit in and for Columbia County, Florida, to the United States District Court for the Middle District of Florida and requests that the Court accept jurisdiction and grant any other relief deemed just and proper.

Dated:  March 22, 2022.

11

Respectfully submitted,

*/s/ Jill F. Bechtold*
Jill F. Bechtold (FBN 0017196)
Dion K. Bass (FBN 1002209)
**SMITH, GAMBRELL & RUSSELL, LLP**
50 N. Laura Street, Suite 2600
Jacksonville, Florida 32202
Tel: (904) 598-6100
Fax: (904) 598-6300
jbechtold@sgrlaw.com
dbass@sgrlaw.com
*Attorneys for Defendant,*
*J.B. Hunt Transport, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on March 22, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on the following, via electronic mail:

**Dan Newlin Injury Attorneys**
Joseph F. Scarpa, Jr., Esq.
7335 W. Sand Lake Road, Suite 300
Orlando, FL 32819
Joseph.Scarpa@newlinlaw.com
Tanya.Otero@newlinlaw.com
Sharon.White@newlinlaw.com
*Attorney for Plaintiff*

# Composite Exhibit 1

Filing # 136326950 E-Filed 10/11/2021 05:20:19 PM

## FORM 1.997.   CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.   CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>THIRD</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>COLUMBIA</u>   COUNTY, FLORIDA

<u>MICHAEL MARKS</u>
Plaintiff

Case # _21-261-CA_
Judge _Douglas_

vs.

<u>EDWIN JAMES WILLIS, JB HUNT TRANSPORTATIOIN INC</u>
Defendant

### II.   AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

### III.   TYPE OF CASE        (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☒ Auto negligence
☐ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☐ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐ Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☐ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☐ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  <u>2</u>

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Joseph F Scarpa Jr</u>        Fla. Bar # <u>351880</u>
      Attorney or party                 (Bar # if attorney)

<u>Joseph F Scarpa Jr   </u>            <u>10/11/2021</u>
  (type or print name)             Date

Filing # 136326950 E-Filed 10/11/2021 05:20:19 PM

IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT, IN AND FOR COLUMBIA COUNTY FLORIDA

MICHAEL MARKS,

    Plaintiff,

CASE NO: 2 1 - 2 6 1 - C A

vs.

EDWIN JAMES WILLIS, an individual, and J.B. HUNT TRANSPORT, INC, a foreign profit corporation,

    Defendants.

_____/

## COMPLAINT

1.      This is an action for damages that exceeds Thirty Thousand Dollars ($30,000.00) exclusive of interest, costs and attorney's fees.

2.      At all times material to this action, Plaintiff, MICHAEL MARKS, was a natural person residing in Marion County, Florida.

3.      At all times material to this action, Defendant, EDWIN JAMES WILLIS, was a natural person residing in Loganville, Georgia.

4.      At all times material to this action, Defendant, J.B. HUNT TRANSPORT, INC., was a foreign profit corporation, principally located and doing business in Lowell, Arkansas.

5.      All other conditions precedent to the bringing of this action have been performed, have occurred or have been waived.

6.      Venue is proper in Columbia County, Florida, because the subject incident occurred in Columbia County, Florida.

## FACTS COMMON TO ALL COUNTS

7.     On or about October 29, 2018, Plaintiff, MICHAEL MARKS, was operating his motor vehicle on Interstate 10 in Lake City, Columbia County, Florida.

8.     At that time and place, Defendant, EDWIN JAMES WILLIS, was operating a commercial motor vehicle owned by the Defendant, J.B. HUNT TRANSPORT, INC., on Interstate 10 in Lake City, Columbia County, Florida.

9.     At that time and place, Defendant, EDWIN JAMES WILLIS, operated the subject commercial motor vehicle with the full knowledge and the express authority, permission and consent of its owner, J.B. HUNT TRANSPORT, INC.

10.     At that time and place, Defendant, EDWIN JAMES WILLIS, was an agent, servant, or employee for Defendant, J.B. HUNT TRANSPORT, INC., acting within the course and scope of his agency, service or employment.

11.     At that time and place, Defendant, EDWIN JAMES WILLIS, negligently and carelessly operated and/or maintained his commercial motor vehicle so as to collide with the motor vehicle driven by Plaintiff, MICHAEL MARKS.

12.     As a result of the collision caused by the negligence of Defendant, EDWIN JAMES WILLIS, for which Defendant, J.B. HUNT TRANSPORT, INC., is vicariously liable under the laws of the State of Florida, Plaintiff, MICHAEL MARKS, sustained serious and permanent injuries.

### COUNT I – ACTION BY PLAINTIFF FOR NEGLIGENCE AGAINST DEFENDANT, EDWIN JAMES WILLIS

13.     Plaintiff, MICHAEL MARKS, adopts and re-alleges Paragraphs 1 through 12 as fully set forth herein.

14.     Defendant, EDWIN JAMES WILLIS, was negligent and careless in the operation of his commercial motor vehicle so as to collide with the motor vehicle operated by Plaintiff, MICHAEL MARKS.

15.     That as a direct and proximate result of the negligence of Defendant, EDWIN JAMES WILLIS, Plaintiff, MICHAEL MARKS, suffered significant bodily injury and resulting pain and suffering, impairment, disability, disfigurement, permanent scarring, mental anguish, activation of a latent defect, permanent aggravation of a previously existing condition, loss of capacity for the enjoyment of life, expense of hospitalization, surgical treatment, medical and nursing care and treatment, loss of earnings, and the loss of ability to earn money. The injuries and losses are either permanent or continuing, and the Plaintiff will suffer the losses in the future.

16.     Plaintiff, MICHAEL MARKS, will suffer or incur the injuries, expenses and impairment in the future.

**WHEREFORE,** Plaintiff, MICHAEL MARKS, demands judgment for damages against Defendant, EDWIN JAMES WILLIS, for personal injuries including the losses enumerated herein, costs, and for other such relief as may be just, equitable and otherwise deemed proper by the Court.

<u>**COUNT II – ACTION BY PLAINTIFF FOR VICARIOUS NEGLIGENCE AGAINST J.B. HUNT TRANSPORT, INC.**</u>

17.     Plaintiff, MICHAEL MARKS, adopts and re-alleges Paragraphs 1 through 12 as fully set forth herein.

18.     Defendant, J.B. HUNT TRANSPORT, INC., is vicariously liable for the negligence of Defendant, EDWIN JAMES WILLIS, pursuant to the doctrine of Respondeat Superior.

19.     Defendant, J.B. HUNT TRANSPORT, INC., is vicariously liable for the negligence of Defendant, EDWIN JAMES WILLIS, pursuant to Florida's Dangerous Instrumentality Doctrine.

20.     That as a direct and proximate result of the negligence of Defendant EDWIN JAMES WILLIS, Plaintiff, MICHAEL MARKS, suffered significant bodily injury and resulting pain and suffering, impairment, disability, disfigurement, permanent scarring, mental anguish, activation of a latent defect, permanent aggravation of a previously existing condition, loss of capacity for the enjoyment of life, expense of hospitalization, surgical treatment medical and nursing care and treatment, loss of earnings, and the loss of ability to earn money. The injuries and losses are either permanent or continuing, and the Plaintiff will suffer the losses in the future.

21.     Plaintiff, MICHAEL C. MARKS, will suffer or incur the injuries, expenses and impairment in the future.

**WHEREFORE,** Plaintiff, MICHAEL C. MARKS, demands judgment for damages against Defendant, JB HUNT TRANSPORT, INC., a foreign profit corporation., for personal injuries including the losses enumerated herein, costs, and for other such relief as may be just, equitable and otherwise deemed proper by the Court.

## DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL MARKS, demands a jury trial on all issues so triable on each and every Count set for above.

DATED this 11th day of October, 2021.

Attorneys for Plaintiff:

*/s/ Joseph F. Scarpa, Jr.*
Joseph F. Scarpa, Jr., Esq.
Florida Bar No.: 0351880
Dan Newlin Injury Attorneys
7335 W. Sand Lake Road, Suite 300
Orlando, FL 32819
Ph: (407) 878-1670
Fax: (321) 251-2515

4

In compliance with Fla. R. Jud. Admin. 2.516,
Service Email is:
Joseph.Scarpa@newlinlaw.com
Tanya.Otero@newlinlaw.com
Sharon.White@newlinlaw.com

Filing # 136326950 E-Filed 10/11/2021 05:20:19 PM

IN THE CIRCUIT COURT OF THE THIRD
JUDICIAL CIRCUIT, IN AND FOR
COLUMBIA COUNTY, FLORIDA

MICHAEL MARKS,

CASE NO:  21-261-CA

Plaintiff,

vs.

EDWIN JAMES WILLIS, an individual,
and J.B. HUNT TRANSPORT, INC, a
foreign profit corporation,

Defendants.
_____/

## SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

You are hereby commanded to serve this Summons and a copy of the Complaint or petition in this action upon the Defendant:

**J.B. HUNT TRANSPORT, INC.
CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FLORIDA 32301**

Each Defendant is hereby required to serve written defenses to said Complaint or Petition on Joseph F. Scarpa, Jr. Esq., Dan Newlin Injury Attorneys, 7335 W. Sand Lake Road, Suite 300, Orlando Florida 32819; telephone: 407-888-8000, within twenty (20) days after service of this Summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.

Dated: October 12, 2021

Clerk of the Circuit Court

By _____

As Deputy Clerk, Civil Division

## IMPORTANT

A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal.  Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en

meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**DAN NEWLIN INJURY ATTORNEYS**
**7335 W. SAND LAKE ROAD, SUITE 300**
**ORLANDO, FLORIDA 32819**

Filing # 136326950 E-Filed 10/11/2021 05:20:19 PM

IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT, IN AND FOR COLUMBIA COUNTY, FLORIDA

MICHAEL MARKS,

     Plaintiff,

vs.

EDWIN JAMES WILLIS, an individual, and J.B. HUNT TRANSPORT, INC, a foreign profit corporation,

     Defendants.

_____/

CASE NO: 21-261-CA

**SUMMONS**

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

     You are hereby commanded to serve this Summons and a copy of the Complaint or petition in this action upon the Defendant:

**EDWIN JAMES WILLIS**
**4099 ELM TRACE DR.**
**LOGANVILLE, GEORGIA 30052**

     Each Defendant is hereby required to serve written defenses to said Complaint or Petition on Joseph F. Scarpa, Jr., Esq., Dan Newlin Injury Attorneys, 7335 W. Sand Lake Road, Suite 300, Orlando, Florida 32819; telephone: 407-888-8000, within twenty (20) days after service of this Summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.

Dated: *October 12, 2021*

                    Clerk of the Circuit Court

                    By _____
                    As Deputy Clerk

## IMPORTANT

A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney."  (Demandate o Abogado del Demanadante).

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal.  Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**DAN NEWLIN INJURY ATTORNEYS**
**7335 W. SAND LAKE ROAD, SUITE 300**
**ORLANDO, FLORIDA 32819**

Filing # 136326950 E-Filed 10/11/2021 05:20:19 PM

**IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT,
IN AND FOR THE STATE OF FLORIDA**

**ADMINISTRATIVE ORDER NO. 2021-005**

MICHAEL C. MARKS,                                CASE NO: 21-2601-CA
    **Plaintiff(s)**

   **v.**

EDWIN JAMES WILLIS, an individual, and J.B. HUNT TRANSPORT, INC., a foreign profit corportation
    **Defendant(s)**
_____/

**THIRD JUDICIAL CIRCUIT STANDING ORDER IN CIVIL CASES**

    PURSUANT to Florida Rule of Civil Procedure 1.200(a), Florida Rule of Judicial

Administration 2.545, and the Third Judicial Circuit Administrative Order 2021-004 entered by

the Chief Judge of this Circuit, the parties are ordered to adhere to the following information and

procedures applicable to civil lawsuits:

1.    SERVICE OF THIS ORDER: The Plaintiff is directed to serve a copy of this order with

    each Summons issued in this case.  One copy of this Order is to be filed with the Clerk of the

    Circuit Court with proof of service.

2.    CIVIL CASE MANAGEMENT SYSTEM: The Supreme Court of Florida has

    established guidelines for the prompt processing and resolution of civil cases.  This Court has

    adopted a case management system to help meet those guidelines.  In contested cases (other

    than foreclosures, involuntary commitment of sexually violent predators (Jimmy Ryce Act)

    and eminent domain cases), the parties are required to participate in the case management

    system.  The case management system requires early consultation and cooperation among the

    parties, early interaction with a Civil Case Manager and early involvement by the Court.  The

Case Management Plan requires the parties to adhere to case specific compliance deadlines, confer in a good faith attempt to narrow the matters in controversy, and identify the issues that require direct involvement by the Court.  All parties are required to be familiar with Third Judicial Circuit Administrative Order 2021-004, Florida Rules of Civil Procedures 1.070 and 1.201, and Florida Rule of Judicial Administration 2.545 and 2.250, all of which may be located and accessed at the Court's website. https://thirdcircuitfl.org.

The Court will issue a Case Management Order on or before 30 days from the date of service of the last defendant.  For cases subject to a statutory stay or moratorium preventing prosecution of the case, the Court will issue a Case Management Order within 45 days after the stay or moratorium ends or within 30 days after service of the Complaint on the last of all named defendants, whichever date is later.  If a case management conference is scheduled, attendance by trial counsel and those parties who are not represented by counsel is *mandatory*.

3.      ALTERNATIVE DISPUTE RESOLUTION (ADR):  ADR provides parties with an out-of-court alternative to settling disagreements.  The Court requires the parties to participate in ADR prior to trial.  Mediation is mandatory unless the parties agree to another form of ADR. Mediation is a conference at which an independent third party attempts to arrange a settlement between the parties.

DONE AND ORDERED in Chambers in Lake City, Columbia County, Florida this 29th day of April, 2021.

**MARK E. FEAGLE, Chief Circuit Judge**

## VERIFIED RETURN OF SERVICE

| | | |
|---|---|---|
| State of Florida | County of COLUMBIA | Circuit Court |

Case Number: 21-261-CA

Plaintiff:
**MICHAEL MARKS**

vs.

Defendant:
**EDWIN JAMES WILLIS, an individual, and J.B. HUNT TRANSPORT, INC, a foreign profit corporation,**

For:
JOSEPH SCARPA
DAN NEWLIN INJURY ATTORNEYS
7335 W. SAND LAKE ROAD
SUITE 300
ORLANDO, FL 32819

Received by Professional Investigative Group on the 7th day of December, 2021 at 9:17 am to be served on **J.B. HUNT TRANSPORT, INC. C/O CORPORATION SERVICE COMPANY, AS REGISTERED AGENT, 1201 HAYS STREET, TALLAHASSEE, FL 32301**

I, Michael C. Nolan, being duly sworn, depose and say that on the **8th day of December, 2021** at **8:05 am, I:**

Served the within named CORPORATION by delivering a true copy of the **SUMMONS, COMPLAINT, PLAINTIFF'S REQUEST FOR ADMISSIONS, PLAINTIFF'S REQUEST TO PRODUCE, NOTICE OF SERVING INTERROGATORIES AND INTERROGATORIES TO DEFENDANT and CASE MANAGEMENT ORDER** with date and hour of service endorsed thereon by me to **SHEENA BLACK** as employee authorized to accept service for **CORPORATION SERVICE COMPANY, AS REGISTERED AGENT** at the address of: **1201 HAYS STREET, TALLAHASSEE, FL 32301**, and informed said person of the contents therein, PURSUANT TO F. S. 48.081(3)(a).

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.



Michael C. Nolan
111

F.S. 92.525: Under penalties of perjury, I declare that I have read the foregoing and that facts stated in it are true, followed by the signature of the person making the declaration, except when a verification on information or belief is permitted by law, in which case the words: "to the best of my knowledge and belief" may be added.

**Professional Investigative Group**
**6151 Lake Osprey Drive**
**3rd Floor**
**Sarasota, FL 34240**
**(877) 733-2296**

Our Job Serial Number: PIC-2021007115

IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT, IN AND FOR COLUMBIA COUNTY, FLORIDA

CASE NO.      21-261-CA

MICHAEL MARKS,

      Plaintiff,

v.

EDWIN JAMES WILLIS, an individual,
and J.B. HUNT TRANSPORT, INC.,
a Foreign Profit Corporation,

      Defendants.

_____/

## DEFENDANT J.B. HUNT TRANSPORT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, J.B. HUNT TRANSPORT, INC. ("Defendant"), by and through undersigned counsel, hereby serves its Answer and Affirmative Defenses to Plaintiff, MICHAEL MARKS' Complaint and states as follows:

1.     Admitted for jurisdictional purposes only, otherwise denied.

2.     Without knowledge and therefore denied.

3.     Admitted.

4.     Admitted.

5.     Denied.

6.     Admitted for jurisdictional purposes only, otherwise denied.

## FACTS COMMON TO ALL COUNTS

7.     Admitted.

8.     Admitted.

9.     Admitted.

10.     Admitted.

11.     Denied.

12.     Denied.

## COUNT I – ACTION BY PLAINTIFF FOR NEGLIGENCE
## AGAINST DEFENDANT, EDWIN JAMES WILLIS

13.     Defendant incorporates its responses to paragraphs 1 through 12 as if fully set forth

herein.

14.     Denied.

15.     Denied.

16.     Denied.

Defendant denies that Plaintiff, MICHAEL MARKS, is entitled to any of the relief sought

in the WHEREFORE paragraph contained in Count I of the Complaint.

## COUNT II – ACTION BY PLAINTIFF FOR VICARIOUS NEGLIGENCE
## AGAINST J.B. HUNT TRANSPORT, INC.

17.     Defendant incorporates its responses to paragraphs 1 through 12 as if fully set forth

herein.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

Defendant denies that Plaintiff, MICHAEL MARKS, is entitled to any of the relief sought

in the WHEREFORE paragraph contained in Count II of the Complaint.

## AFFIRMATIVE DEFENSES

Defendant asserts the following defenses, some of which may be affirmative defenses. The following are raised strictly as defenses and are not to be considered admissions to any factual, legal, or other matter. Defendant denies any allegations not expressly admitted, whether contained in the numbered or unnumbered paragraphs in the Complaint, including, without limitation, the unnumbered paragraphs beginning with the word "WHEREFORE" and any and all demands for judgment or relief whatsoever.

1.      Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

2.      Plaintiff has not sustained permanent injuries, scarring, disfigurement, or other injuries sufficient to meet the tort liability threshold as required under Florida's No Fault Threshold Statute § 627.737, et seq; therefore, Defendant is immune from any tort liability in accordance with Fla. Stat. §627.737.

3.      Plaintiff, at the time and place alleged in the Complaint, was the owner of a motor vehicle with respect to which security was required under Fla. Stat. §§627.730-627.741 and is therefore precluded from receiving personal injury protection benefits from Defendant, in accordance with Fla. Stat. §627.736(3). Further, Defendant pleads all applicable defenses and exemptions available under the provisions of said statutes.

4.      At the time and place alleged in the Complaint, Plaintiff was guilty of the negligent maintenance and/or operation of Plaintiff's motor vehicle, which solely caused or proximately contributed to cause the alleged collision and damages complained of and serves to bar or comparatively reduce the amount of damages, if any, which may be awarded.

5.     At the time and place alleged in the Complaint, Plaintiff failed to utilize a seat belt or other safety devices and harnesses during the operation of Plaintiff's motor vehicle, which serves to bar or comparatively reduce the amount of damages, if any, which may be awarded.

6.     Plaintiff has failed to mitigate his damages.

7.     Plaintiff's damages, if any, are the result of a separate force or action, which constitutes the active and efficient intervening/superseding cause of Plaintiff's alleged damages.

8.     The damages and injuries alleged by Plaintiff, if any, are the result of Plaintiff's own bodily functions, genetic history, or pre-existing conditions which manifested before, at, or near the time of the events alleged in the Complaint and for which Defendant is not liable.

9.     The damages awarded to Plaintiff, if any, are subject to apportionment pursuant to Fla. Stat. §768.81, and *Fabre v. Martin,* 623 So, 2d 782 (Fla. 1993). Defendant's liability, if any, is limited to Defendant's percentage of fault as compared to the total fault of those who contributed to the incident, including Plaintiff, whether or not they are parties to this litigation. Defendant, pursuant to the above stated law, asserts that damages, if awarded to Plaintiff, be apportioned and Defendant's liability, if any, be limited to Defendant's percentage of fault as compared to the fault and lability of other parties, if any, who are yet to be determined. Defendant hereby notices their intent to reflect the inclusion of all parties shown by discovery or investigation to have been at fault, in whole or in part, for Plaintiff's damages, if any, on the Verdict Form.

10.    Plaintiff is entitled to recover only the amount of medical expenses actually paid to and accepted by Plaintiff's medical and healthcare providers. Plaintiff is barred from recovering any medical expenses or healthcare costs above and beyond the amounts contracted for and accepted by Plaintiff's medical and healthcare providers, including expenses or costs that have been written off by Plaintiff's medical and healthcare providers.

4

11.     Defendant is entitled to a setoff of any recovery from any collateral source inuring to Plaintiff's benefit, including, but not limited to, governmental benefits, insurance payments, settlements, or judgments.

12.     Defendant reserves the right to amend and/or supplement these Affirmative Defenses.

## DEMAND FOR JURY TRIAL

Defendant, J.B. HUNT TRANSPORT, INC., demands trial by jury of all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was filed on December 28, 2021, using the Florida Court's E-Filing Portal which will send a copy to:

Dan Newlin Injury Attorneys
Joseph F. Scarpa, Jr., Esq.
7335 W. Sand Lake Road, Suite 300
Orlando, FL 32819
Joseph.Scarpa@newlinlaw.com
Tanya.Otero@newlinlaw.com
Sharon.White@newlinlaw.com
*Attorney for Plaintiff*

**SMITH, GAMBRELL & RUSSELL, LLP**

By:   */s/Jill F. Bechtold*
Jill F. Bechtold
Florida Bar No.: 0017196
Email: jbechtold@sgrlaw.com
Joshua M. Gostel
FL Bar No.: 1010506
Email: jgostel@sgrlaw.com
50 N. Laura Street, Suite 2600
Jacksonville, Florida 32202
Tel: (904) 598-6100
Fax: (904) 598-6300
*Attorneys for Defendant*

IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT, IN AND FOR COLUMBIA COUNTY, FLORIDA

CASE NO.     21-261-CA

MICHAEL MARKS,

      Plaintiff,

v.

EDWIN JAMES WILLIS, an individual,
and J.B. HUNT TRANSPORT, INC.,
a Foreign Profit Corporation,

      Defendants.

_____/

## DEFENDANT J.B. HUNT TRANSPORT, INC.'S NOTICE OF SERVING FIRST INTERROGATORIES TO PLAINTIFF

Notice is hereby given that Interrogatories have this day been propounded by Defendant, J.B. HUNT TRANSPORT, INC., to Plaintiff, MICHAEL MARKS, to be answered under oath and in writing within thirty (30) days after service hereof, pursuant to Florida Rule of Civil Procedure 1.340.

**SMITH, GAMBRELL & RUSSELL, LLP**

By:  */s/Jill F. Bechtold*
Jill F. Bechtold
Florida Bar No.: 0017196
Email: jbechtold@sgrlaw.com
Joshua M. Gostel
Florida Bar No.: 1010506
Email: jgostel@sgrlaw.com
50 N. Laura Street, Suite 2600
Jacksonville, Florida 32202
Tel: (904) 598-6100
Fax: (904) 598-6300
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was filed on December 29, 2021, using the

Florida Court's E-Filing Portal which will send a copy to:

Dan Newlin Injury Attorneys
Joseph F. Scarpa, Jr., Esq.
7335 W. Sand Lake Road, Suite 300
Orlando, FL 32819
Joseph.Scarpa@newlinlaw.com
Tanya.Otero@newlinlaw.com
Sharon.White@newlinlaw.com
*Attorney for Plaintiff*

IN THE CIRCUIT COURT OF THE THIRD
JUDICIAL CIRCUIT, IN AND FOR
COLUMBIA COUNTY, FLORIDA

CASE NO.   21-261-CA

MICHAEL MARKS,

     Plaintiff,

v.

EDWIN JAMES WILLIS, an individual,
and J.B. HUNT TRANSPORT, INC.,
a Foreign Profit Corporation,

     Defendants.

_____/

## DEFENDANT J.B. HUNT TRANSPORT, INC.'S FIRST REQUEST FOR PRODUCTION TO PLAINTIFF

Defendant, J.B. HUNT TRANSPORT, INC., by and through its undersigned counsel and

pursuant to Florida Rule of Civil Procedure 1.350, requests that Plaintiff, MICHAEL MARKS,

produce for inspection, copying, or photographing at the offices of Smith, Gambrell & Russell,

LLP, within thirty (30) days of the date hereof, the materials described below.

### I.    DEFINITIONS

1.    "Plaintiff" means the Plaintiff, MICHAEL MARKS, and any employee, agent or attorney for Plaintiff and any other person acting for, or on behalf of Plaintiff, or by Plaintiff's authority or control.

2.    "Defendant" means the Defendant, J.B. HUNT TRANSPORT, INC., and any employee, agent or attorney for Defendant, and any other person acting for or on behalf of Defendant.

3.    The terms "you" and "your" mean the party to whom this Request for Production is directed, including the party's employees and agents and all other persons acting or purporting to act on the party's behalf.

4.    The terms "document" and "writing" mean any letters, correspondence, telegrams, cables, telex messages, memoranda, records, financial statements, financial records, check stubs, canceled checks, minutes, contracts, memoranda of telephone or personal conversations or

conferences, interoffice communications, photographs, microfilm, microfiche, tape recordings, bulletins, studies, summaries, analyses, notices, computer runs, and any codes necessary to comprehend such runs, books, pamphlets, brochures, periodicals, charts, graphs, indexes, blueprints, diagrams, drawings, and any other written, printed, typed, recorded, or graphic matters of any nature whether produced or reproduced, including copies and drafts of such documents, and in any form of recording, including but not limited to, data storage on paper, computer, tape, microfilm, microfiche, electronic recording device, or photographic recording.

## II. INSTRUCTIONS

1. Any document as to which a claim of privilege is or will be asserted should be identified by author, signatory, description (e.g., letter, memorandum, telex, recording, etc.), title (if any), date, addresses (if any), general subject matter, present depository and present custodian, and a complete statement of the ground for the claim of privilege should be set forth.

2. If it is maintained that any document that is requested has been destroyed, set forth the contents of the document, the date of such destruction and the name of the person who authorized or directed such destruction.

3. If any of the documents cannot be produced in full, produce to the extent possible, specifying the reasons for the inability to produce the remainder.

4. If information is kept in a computer, on a computer disk, or in digital or computerized form, and that information is not available in a printed form, then also download a copy of that information onto a disk or disks and produce those disks.

## III. REQUESTS

1. All bills, invoices, or statements of charges for services, medications, products or care from any healthcare provider that Plaintiff claims to be related to and/or caused by any incident alleged in the Complaint.

2. All records and reports from healthcare providers of any nature that Plaintiff claims to be related to and/or caused by any incident alleged in the Complaint.

3. Any correspondence sent by or on behalf of Plaintiff, or received by or on behalf of Plaintiff, to or from any healthcare provider, including hospitals, physicians, rehabilitation services, physical therapy, etc., which pertains to any health or medical care or services provided to Plaintiff, which Plaintiff claims to be related to or caused by any incident described in the Complaint.

4. All claim forms, reports of accident or injury, notices of claim, medical reports or other written matter of any kind or nature submitted by or on behalf of Plaintiff to any insurance

carrier, whether under a liability, medical payments, or personal injury protection coverage regarding the incident described in the Complaint.

5.     All invoices, bills, statements or estimates which document, record or reflect any damages, either personal or to property, which Plaintiff claims to be related to or caused by the incident described in the Complaint.

6.     All documents that support or document the amount of loss claimed by Plaintiff for past wages and the amount of loss claimed by Plaintiff from alleged inability or diminished ability to earn a living as a result of the incident described in the Complaint.

7.     Copies of all joint or individual income tax returns for Plaintiff, including all schedules and W-2 forms, for the five years immediately prior to the incident described in the Complaint, the year of the incident, and any years subsequent to the incident to the present.

8.     Copies of any corporate or business income tax returns, including all schedules and attachments, for any corporation, partnership or business in which Plaintiff had an ownership interest for the five years immediately prior to the incident described in the Complaint through the present date.

9.     A copy of all audio, written or transcribed statements made or given by Plaintiff relating to the incident described in the Complaint.

10.     A copy of all audio, written or transcribed statements made or given by Defendant, any agent or employee of Defendant, or any other party whose acts, omissions, or statements are imputed to Defendant.

11.     A copy of all audio, written or transcribed statements made or given by any witness relating or pertaining to the incident described in the Complaint.

12.     A copy of all insurance policies and a copy of all health insurance cards for insurance policies that afford coverage to Plaintiff for the incident described in the Complaint.

13.     A copy of all correspondence or documents of any nature from any third party who claims a lien, subrogation right or right of reimbursement as a result of payments made by or on behalf of Plaintiff because of the incident described in the Complaint.

14.     All photographs, motion pictures, videotapes or drawings of Plaintiff following the incident described in the Complaint purporting to show his injuries and damages.

15.     All photographs (in color), motion pictures, videotapes or drawings that pertain to any fact or issue involved in this case.

16.     Any and all photographs or videos of any and all surgeries undergone or medical care received by Plaintiff as a result of the incident described in the Complaint.

3

17.   A copy of Plaintiff's birth certificate, all marriage licenses, and records of service in any branch of the Armed Forces including admission and discharge documents.

18.   Copies of all prescription records which Plaintiff claims to be related to and/or caused by any incident alleged in the Complaint.

19.   Any accident reports made by any public agency or by any law enforcement organization concerning the incident described in the Complaint.

20.   Copies of all letters or notices, in any form, provided to collateral source providers pursuant to section 768.76(6), Florida Statutes.

21.   A copy of all written documentation of any kind or nature that pertains to any claim of or personal injuries made by Plaintiff during his lifetime, including but not limited to, claim letters, responses from organizations or insurance companies, pleadings, depositions, settlement agreements, releases and evidence of payments.

22.   All documentary evidence of benefits or payments to Plaintiff or on his behalf, as well as documents reflecting payments made to Plaintiff or on his behalf as a result of the incident claimed herein including, but not limited to:

   a.   Disability payments pursuant to any Federal, State, or local acts;
   b.   Health, sickness, or disability income insurance;
   c.   Any payments by a group or organization, or other such entity with whom
   d.   Plaintiff contracted to provide or to pay for, or reimburse any costs that were allegedly incurred as a result of this incident claimed herein;
   e.   Any wage, continuation plan provided by Plaintiff's employer; or
   f.   Any other collateral source, whatsoever, providing compensation in whatever form for damages incurred as a result of the incident alleged herein.

23.   Copies of all employment records of Plaintiff for the five years immediately prior to the incident described in the Complaint, the year of the incident, and any years subsequent to the incident to the present.

24.   All diaries, chronologies, calendars, notes, or other documents prepared by Plaintiff or anyone else regarding the incident described in the Complaint, including, but not limited to, the medical condition and care provided to Plaintiff.

25.   A HIPAA-compliant Authorization for the Release of Protected Health Information, in the form attached hereto, executed and dated by Plaintiff.

26.   A completed IRS Form 4506, Request for Copy of Tax Return, executed by Plaintiff. (Form 4506 is attached.)

27.   A completed Form SSA-7050-F4, Request for Social Security Earnings Information, executed by Plaintiff. (Form SSA-7050-F4 is attached.)

4

28.    A Consent for Release of Information related to Social Security disability records executed by Plaintiff. (Form SSA-3288 is attached.)

**SMITH, GAMBRELL & RUSSELL, LLP**

By:    */s/ Jill F. Bechtold*
Jill F. Bechtold
Florida Bar No.: 0017196
Email: jbechtold@sgrlaw.com
Joshua M. Gostel
Florida Bar No.: 1010506
Email: jgostel@sgrlaw.com
50 N. Laura Street, Suite 2600
Jacksonville, Florida 32202
Tel: (904) 598-6100
Fax: (904) 598-6300
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was filed on December 29, 2021, using the

Florida Court's E-Filing Portal which will send a copy to:

Dan Newlin Injury Attorneys
Joseph F. Scarpa, Jr., Esq.
7335 W. Sand Lake Road, Suite 300
Orlando, FL 32819
Joseph.Scarpa@newlinlaw.com
Tanya.Otero@newlinlaw.com
Sharon.White@newlinlaw.com
*Attorney for Plaintiff*

5

**PATIENT AUTHORIZATION FOR RELEASE OF PROTECTED HEALTH INFORMATION**

TO:    **Smith, Gambrell & Russell, LLP**
        **50 North Laura Street, Suite 2600**
        **Jacksonville, Florida 32202**

        As described herein, I, Elisha Ellis, hereby authorize use or disclosure of protected health information about:

| | |
|---|---|
| **Patient:** | **Michael Marks** |
| **Social Security No.:** | **XXX-XX-_____** |
| **Date of Birth:** | _____ |

1.      <u>**Any Medical or Healthcare Provider**</u> is authorized to make use or disclosure of the following information:

**Any and all medical records, information, opinions, documents, or correspondence, in the possession or control of my medical or healthcare providers, including, but not limited to, the <u>entire</u> office or hospital chart, any office notes (computerized or handwritten), physicians' orders or progress notes, nurses' notes, medication or prescription records, correspondence of any kind, telephone call records or notes, x-ray, MRI, CT, PET or other imaging <u>films</u> and/or <u>reports</u>, laboratory or other test results of any kind, including any recorded images (regardless of the media on which the images may be recorded) of any tests or procedures performed, or any other records, documents, or data in your possession, custody, or control which pertains in any way to the patient identified above <u>dated at any time</u>.**

2.      The above information is to be used by or disclosed to the **Attorneys and Representatives of Smith, Gambrell & Russell, LLP,** for use in a civil action in which the issue of the patient's physical or mental condition has been raised.

3.      I understand that the information used or disclosed pursuant to this Authorization may be subject to re-disclosure by the recipient and no longer protected by the privacy regulations. I further understand that any documents or other information obtained pursuant to this Authorization will be destroyed following the conclusion or resolution of this civil action.

4.      I may revoke this Authorization by notifying the office of Smith, Gambrell & Russell, LLP and my medical or healthcare provider(s) of my desire to revoke it. However, I understand that any action already taken in reliance on this Authorization cannot be reversed, and my revocation will not affect those actions. Otherwise, this Authorization will re main in effect and expire upon conclusion of this litigation: *MICHAEL MARKS v. EDWIN JAMES WILLIS, an indi vidual, and J.B. HUNT TRANSPORT, INC., ; Case no.: 21-261-CA*

5.      The medical and healthcare providers to which this Authorization is submitted are released from any legal responsibility or liability for the use or disclosure of the above information, to the extent indicated and authorized herein. I understand I am not required to sign this Authorization. I further understand that the medical or healthcare providers to whom this Authorization is furnished may not condition treatment, payment, enrollment or eligibility for benefits on whether or not I sign this Authorization.

_____        _____        _____
Signature of Patient                  Date               Date of Birth or Social Security Number

**A COPY OF THIS AUTHORIZATION SHALL BE AS VALID AS THE ORIGINAL.**

Form **4506-T**
(June 2019)
Department of the Treasury
Internal Revenue Service

# Request for Transcript of Tax Return

► Do not sign this form unless all applicable lines have been completed.

► Request may be rejected if the form is incomplete or illegible.

► For more information about Form 4506-T, visit *www.irs.gov/form4506t.*

OMB No. 1545-1872

**Tip.** Use Form 4506-T to order a transcript or other return information free of charge. See the product list below. You can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Get a Tax Transcript..." under "Tools" or call 1-800-908-9946. If you need a copy of your return, use **Form 4506, Request for Copy of Tax Return.** There is a fee to get a copy of your return.

| | |
|---|---|
| **1a** Name shown on tax return. If a joint return, enter the name shown first. | **1b** First social security number on tax return, individual taxpayer identification number, or employer identification number (see instructions) |
| **2a** If a joint return, enter spouse's name shown on tax return. | **2b** Second social security number or individual taxpayer identification number if joint tax return |

**3**  Current name, address (including apt., room, or suite no.), city, state, and ZIP code (see instructions)

**4**  Previous address shown on the last return filed if different from line 3 (see instructions)

**5**  Customer file number (if applicable) (see instructions)

**Note:** Effective July 2019, the IRS will mail tax transcript requests only to your address of record. See **What's New** under **Future Developments** on Page 2 for additional information.

**6**  **Transcript requested.** Enter the tax form number here (1040, 1065, 1120, etc.) and check the appropriate box below. Enter only one tax form number per request. ► _____

**a**  **Return Transcript,** which includes most of the line items of a tax return as filed with the IRS. A tax return transcript does not reflect changes made to the account after the return is processed. Transcripts are only available for the following returns: Form 1040 series, Form 1065, Form 1120, Form 1120-A, Form 1120-H, Form 1120-L, and Form 1120S. Return transcripts are available for the current year and returns processed during the prior 3 processing years. Most requests will be processed within 10 business days  .  .  .  .  .  . ☐

**b**  **Account Transcript,** which contains information on the financial status of the account, such as payments made on the account, penalty assessments, and adjustments made by you or the IRS after the return was filed. Return information is limited to items such as tax liability and estimated tax payments. Account transcripts are available for most returns. Most requests will be processed within 10 business days  . ☐

**c**  **Record of Account,** which provides the most detailed information as it is a combination of the Return Transcript and the Account Transcript. Available for current year and 3 prior tax years. Most requests will be processed within 10 business days  .  .  .  .  .  . ☐

**7**  **Verification of Nonfiling,** which is proof from the IRS that you **did not** file a return for the year. Current year requests are only available after June 15th. There are no availability restrictions on prior year requests. Most requests will be processed within 10 business days  . ☐

**8**  **Form W-2, Form 1099 series, Form 1098 series, or Form 5498 series transcript.** The IRS can provide a transcript that includes data from these information returns. State or local information is not included with the Form W-2 information. The IRS may be able to provide this transcript information for up to 10 years. Information for the current year is generally not available until the year after it is filed with the IRS. For example, W-2 information for 2016, filed in 2017, will likely not be available from the IRS until 2018. If you need W-2 information for retirement purposes, you should contact the Social Security Administration at 1-800-772-1213. Most requests will be processed within 10 business days  . ☐

**Caution:** If you need a copy of Form W-2 or Form 1099, you should first contact the payer. To get a copy of the Form W-2 or Form 1099 filed with your return, you must use Form 4506 and request a copy of your return, which includes all attachments.

**9**  **Year or period requested.** Enter the ending date of the year or period, using the mm/dd/yyyy format. If you are requesting more than four years or periods, you must attach another Form 4506-T. For requests relating to quarterly tax returns, such as Form 941, you must enter each quarter or tax period separately.

| / / | / / | / / | / / |
|---|---|---|---|

**Caution:** Do not sign this form unless all applicable lines have been completed.

**Signature of taxpayer(s).** I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax information requested. If the request applies to a joint return, at least one spouse must sign. If signed by a corporate officer, 1 percent or more shareholder, partner, managing member, guardian, tax  matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506-T on behalf of the taxpayer. **Note:** This form must be received by IRS within 120 days of the signature date.

☐  **Signatory attests that he/she has read the attestation clause and upon so reading declares that he/she has the authority to sign the Form 4506-T.** See instructions.

Phone number of taxpayer on line 1a or 2a

**Sign Here**

► _____  Signature (see instructions)      Date

► _____  Title (if line 1a above is a corporation, partnership, estate, or trust)

► _____  Spouse's signature      Date

**For Privacy Act and Paperwork Reduction Act Notice, see page 2.**       Cat. No. 37667N       Form **4506-T** (Rev. 6-2019)

Section references are to the Internal Revenue Code unless otherwise noted.

## Future Developments

For the latest information about Form 4506-T and its instructions, go to *www.irs.gov/form4506t.* Information about any recent developments affecting Form 4506-T (such as legislation enacted after we released it) will be posted on that page.

**What's New.** As part of its ongoing efforts to protect taxpayer data, the Internal Revenue Service announced that in July 2019, it will stop all third-party mailings of requested transcripts. After this date, the masked Tax Transcripts will only be mailed to the taxpayer's address of record.

If a third-party is unable to accept a Tax Transcript mailed to the taxpayer, they may either contract with an existing IVES participant or become an IVES participant themselves. For additional information about the IVES program, go to *www.irs.gov* and search IVES.

## General Instructions

**Caution:** Do not sign this form unless all applicable lines have been completed.

**Purpose of form.** Use Form 4506-T to request tax return information. Taxpayers using a tax year beginning in one calendar year and ending in the following year (fiscal tax year) must file Form 4506-T to request a return transcript.

**Note:** If you are unsure of which type of transcript you need, request the Record of Account, as it provides the most detailed information.

**Customer File Number.** The transcripts provided by the IRS have been modified to protect taxpayers' privacy. Transcripts only display partial personal information, such as the last four digits of the taxpayer's Social Security number. Full financial and tax information, such as wages and taxable income, are shown on the transcript.

An optional Customer File Number field is available to use when requesting a transcript. This number will print on the transcript. See Line 5 instructions for specific requirements. The customer file number is an optional field and not required.

**Tip.** Use Form 4506, Request for Copy of Tax Return, to request copies of tax returns.

**Automated transcript request.** You can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Get a Tax Transcript..." under "Tools" or call 1-800-908-9946.

**Where to file.** Mail or fax Form 4506-T to the address below for the state you lived in, or the state your business was in, when that return was filed. There are two address charts: one for individual transcripts (Form 1040 series and Form W-2) and one for all other transcripts.

If you are requesting more than one transcript or other product and the chart below shows two different addresses, send your request to the address based on the address of your most recent return.

## Chart for individual transcripts (Form 1040 series and Form W-2 and Form 1099)

**If you filed an individual return and lived in:**

| If you filed an individual return and lived in: | Mail or fax to: |
| --- | --- |
| Alabama, Kentucky, Louisiana, Mississippi, Tennessee, Texas, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, or A.P.O. or F.P.O. address | Internal Revenue Service RAIVS Team Stop 6716 AUSC Austin, TX 73301  855-587-9604 |
| Alaska, Arizona, Arkansas, California, Colorado, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Michigan, Minnesota, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Utah, Washington, Wisconsin, Wyoming | Internal Revenue Service RAIVS Team Stop 37106 Fresno, CA 93888  855-800-8105 |
| Connecticut, Delaware, District of Columbia, Florida, Georgia, Maine, Maryland, Massachusetts, Missouri, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Vermont, Virginia, West Virginia | Internal Revenue Service RAIVS Team Stop 6705 S-2 Kansas City, MO 64999  855-821-0094 |

## Chart for all other transcripts

**If you lived in or your business was in:**

| If you lived in or your business was in: | Mail or fax to: |
| --- | --- |
| Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, District of Columbia, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maryland, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Jersey, New Mexico, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Virginia, Washington, West Virginia, Wisconsin, Wyoming, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, A.P.O. or F.P.O. address | Internal Revenue Service RAIVS Team P.O. Box 9941 Mail Stop 6734 Ogden, UT 84409  855-298-1145 |
| Maine, Massachusetts, New Hampshire, New York, Pennsylvania, Vermont | Internal Revenue Service RAIVS Team Stop 6705 S-2 Kansas City, MO 64999  855-821-0094 |

**Line 1b.** Enter your employer identification number (EIN) if your request relates to a business return. Otherwise, enter the first social security number (SSN) or your individual taxpayer identification number (ITIN) on the return. For example, if you are requesting Form 1040 that includes Schedule C (Form 1040), enter your SSN.

**Line 3.** Enter your current address. If you use a P.O. box, include it on this line.

**Line 4.** Enter the address shown on the last return filed if different from the address entered on line 3.

**Note:** If the addresses on lines 3 and 4 are different and you have not changed your address with the IRS, file Form 8822, Change of Address. For a business address, file Form 8822-B, Change of Address or Responsible Party — Business.

**Line 5b.** Enter up to 10 numeric characters to create a unique customer file number that will appear on the transcript. The customer file number **should not** contain an SSN. Completion of this line is not required.

**Note.** If you use an SSN, name or combination of both, we will not input the information and the customer file number will reflect a generic entry of "9999999999" on the transcript.

**Line 6.** Enter only one tax form number per request.

**Signature and date.** Form 4506-T must be signed and dated by the taxpayer listed on line 1a or 2a. The IRS must receive Form 4506-T within 120 days of the date signed by the taxpayer or it will be rejected. Ensure that all applicable lines are completed before signing.



**CAUTION** *You must check the box in the signature area to acknowledge you have the authority to sign and request the information. The form will not be processed and returned to you if the box is unchecked.*

**Individuals.** Transcripts of jointly filed tax returns may be furnished to either spouse. Only one signature is required. Sign Form 4506-T exactly as your name appeared on the original return. If you changed your name, also sign your current name.

***Corporations.*** Generally, Form 4506-T can be signed by: (1) an officer having legal authority to bind the corporation, (2) any person designated by the board of directors or other governing body, or (3) any officer or employee on written request by any principal officer and attested to by the secretary or other officer. A bona fide shareholder of record owning 1 percent or more of the outstanding stock of the corporation may submit a Form 4506-T but must provide documentation to support the requester's right to receive the information.

***Partnerships.*** Generally, Form 4506-T can be signed by any person who was a member of the partnership during any part of the tax period requested on line 9.

***All others.*** See section 6103(e) if the taxpayer has died, is insolvent, is a dissolved corporation, or if a trustee, guardian, executor, receiver, or administrator is acting for the taxpayer.

**Note:** If you are Heir at law, Next of kin, or Beneficiary you must be able to establish a material interest in the estate or trust.

**Documentation.** For entities other than  individuals, you must attach the authorization document. For example, this could be the letter from the principal officer authorizing an employee of the corporation or the letters testamentary authorizing an individual to act for an estate.

**Signature by a representative.** A representative can sign Form 4506-T for a taxpayer only if the taxpayer has specifically delegated this authority to the representative on Form 2848, line 5. The representative must attach Form 2848 showing the delegation to Form 4506-T.

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to establish your right to gain access to the requested tax information under the Internal Revenue Code. We need this information to properly identify the tax information and respond to your request. You are not required to request any transcript; if you do request a transcript, sections 6103 and 6109 and their regulations require you to provide this information, including your SSN or EIN. If you do not provide this information, we may not be able to process your request. Providing false or fraudulent information may subject you to penalties.

Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation, and cities, states, the District of Columbia, and U.S. commonwealths and possessions for use in administering their tax laws. We may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

The time needed to complete and file Form 4506-T will vary depending on individual circumstances. The estimated average time is: **Learning about the law or the form,** 10 min.; **Preparing the form,** 12 min.; and **Copying, assembling, and sending the form to the IRS,** 20 min.

If you have comments concerning the  accuracy of these time estimates or suggestions for making Form 4506-T simpler, we would be happy to hear from you. You can write to:

Internal Revenue Service Tax Forms and Publications Division 1111 Constitution Ave. NW, IR-6526 Washington, DC 20224

Do not send the form to this address. Instead, see *Where to file* on this page.

Form **SSA-7050-F4** (03-2019)

Discontinue Prior Editions          Page 1 of 4

Social Security Administration          OMB No. 0960-0525

# REQUEST FOR SOCIAL SECURITY EARNING INFORMATION

*Use This Form If You Need

1. **Certified/Non-Certified Detailed Earnings Information**
   Includes periods of employment or self-employment
   and the names and addresses of employers.

2. **Certified Yearly Totals of Earnings**
   Includes total earnings for each year but does not
   include the names and addresses of employers.

> DO NOT USE THIS FORM TO REQUEST
> YEARLY EARNINGS TOTALS
>
> Yearly earnings totals are free to the public
> if you do not require certification.
>
> To obtain FREE yearly totals of earnings,
> visit our website at www.ssa.gov/myaccount.

## Privacy Act Statement
## Collection and Use of Personal Information

Section 205 of the Social Security Act, as amended, authorizes us to collect the information on this form. We will use the information you provide to identify your records and send the earnings information you request. Completion of this form is voluntary; however, failure to do so may prevent your request from being processed.

We rarely use the information in your earnings record for any purpose other than for determining your entitlement to Social Security benefits. However, we may use it for the administration and integrity of Social Security programs. We may also disclose information to another person or to another agency in accordance with approved routine uses, which include but are not limited to the following:

1. To enable a third party or an agency to assist Social Security in establishing rights to Social Security benefits and/or coverage;
2. To comply with Federal laws requiring the release of information from Social Security records (e.g., to the Government Accountability Office and Department of Veterans' Affairs);
3. To make determinations for eligibility in similar health and income maintenance programs at the Federal, State, and local level; and,
4. To facilitate statistical research, audit, or investigative activities necessary to assure the integrity and improvement of Social Security programs.

A complete list of routine uses for earnings information is available in our Systems of Records Notices entitled, the Earnings Recording and Self-Employment Income System (60-0059), the Master Beneficiary Record (60-0090), and the SSA-Initiated Personal Earnings and Benefit Estimate Statement (60-0224). In addition, you may choose to pay for the earnings information you requested with a credit card. 31 C.F.R. Part 206 specifically authorizes us to collect credit card information. The information you provide about your credit card is voluntary. Providing payment information is only necessary if you are making payment by credit card. You do not need to fill out the credit card information if you choose another means of payment (for example, by check or money order). If you choose the credit card payment option, we will provide the information you give us to the banks handling your credit card account and the Social Security Administration's (SSA) account.

Routine uses applicable to credit card information, include but are not limited to: (1) to enable a third party or an agency to assist Social Security to effect a salary or an administrative offset or to an agent of SSA that is a consumer reporting agency for preparation of a commercial credit report in accordance with 31 U.S.C. §§ 3711, 3717, and 3718; and (2) to a consumer reporting agency or debt collection agent to aid in the collection of outstanding debts to the Federal Government. A complete list of routine uses for credit card information is available in our System of Records Notice entitled, the Financial Transactions of SSA Accounting and Finance Offices (60-0231). The notice, additional information regarding this form, routine uses of information, and our programs and systems is available on-line at www.socialsecurity.gov or at your local Social Security office.

**Paperwork Reduction Act Statement -** This information collection meets the requirements of 44 U.S.C. § 3507, as amended by section 2 of the Paperwork Reduction Act of 1995. You do not need to answer these questions unless we display a valid Office of Management and Budget control number. We estimate that it will take about 11 minutes to read the instructions, gather the facts, and answer the questions. ***Send only comments relating to our time estimate above to:*** SSA, 6401 Security Blvd, Baltimore, MD 21235-6401.

Form **SSA-7050-F4** (03-2019)                                                                    Page 2 of 4

# REQUEST FOR SOCIAL SECURITY EARNING INFORMATION

1.  Provide your name as it appears on your most recent Social Security card or the name of the individual whose earnings you are requesting.

First Name: ☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐  Middle Initial: ☐

Last Name: ☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

Social Security Number (SSN) ☐☐☐  ☐☐  ☐☐☐☐    One SSN per request

Date of Birth:                                              Date of Death:

Other Name(s) Used
Maiden Name)

2. What kind of earnings information do you need? (Choose **ONE** of the following types of earnings or SSA must return this request.)

☐ **Itemized Statement of Earnings $91.00**

(Includes the names and addresses of employers)

If you check this box, tell us why you need this information below.

Year(s) Requested: ☐☐☐☐ to ☐☐☐☐

Year(s) Requested: ☐☐☐☐ to ☐☐☐☐

☐ Check this box if you want the earnings information **CERTIFIED** for an additional $34.00 fee.

☐ **Certified Yearly Totals of Earnings $34.00**

(Does not include the names and addresses of employers)Yearly earnings totals are FREE to the public if you do not require certification. To obtain FREE yearly totals of earnings, visit our website at www.ssa.gov/myaccount.

Year(s) Requested: ☐☐☐☐ to ☐☐☐☐

Year(s) Requested: ☐☐☐☐ to ☐☐☐☐

3. If you would like this information **sent to someone else**, please fill in the information below.

I authorize the Social Security Administration to release the earnings information to:

| | |
|---|---|
| Name | Jill Bechtold, Esq. with Smith, Gambrell & Russell, LLP |
| Address | 50 N. Laura Street, Suite #2600 | State  FL |
| City | Jacksonville | ZIP Code 32202 |

4. I am the individual to whom the record pertains (or a person authorized to sign on behalf of that individual). I understand that any false representation to knowingly and willfully obtain information from Social Security records is punishable by a fine of not more than $5,000 or one year in prison.

| **Signature AND Printed Name of Individual or Legal Guardian** | *SSA must receive this form within 120 days from the date signed* |
|---|---|
| | Date |
| Relationship (if applicable, you must attach proof) | Daytime Phone: |
| Address | State |
| City | ZIP Code |

Witnesses must sign this form ONLY if the above signature is by marked (X). If signed by mark (X), two witnesses to the signing who know the signee must sign below and provide their full addresses. Please print the signee's name next to the mark (X) on the signature line above.

| 1. Signature of Witness | 2. Signature of Witness |
|---|---|
| Address *(Number and Street, City, State and ZIP Code)* | Address *(Number and Street, City, State and ZIP Code)* |

Form **SSA-7050-F4** (03-2019)                                                                                       Page 3 of 4

# REQUEST FOR SOCIAL SECURITY EARNING INFORMATION

### INFORMATION ABOUT YOUR REQUEST
You may use this form to request earnings information for one ONE Social Security Number (SSN)

### How do I get my earnings statement?

You must complete the attached form. Tell us the specific years of earnings you want, type of earnings record, and provide your mailing address. The itemized statement of earnings will be mailed to ONE address, therefore, if you want the statement sent to someone other than yourself, provide their address in section 3. Mail the completed form to SSA within 120 days of signature. If you sign with an "X", your mark must be witnessed by two impartial persons who must provide their name and address in the spaces provided. Select **ONE** type of earnings statement and include the appropriate fee.

#### 1. Certified/Non-Certified Itemized Statement of Earnings
This statement includes years of self-employment or employment and the names and addresses of employers.

#### 2. Certified Yearly Totals of Earnings
This statement includes the total earnings for each year requested but *does not* include the names and addresses of employers.

If you require one of each type of earnings statement, you must complete two separate forms. Mail each form to SSA with one form of payment attached to each request.

### How do I get someone else's earnings statement?

You may get someone else's earnings information if you meet one of the following criteria, attach the necessary documents to show your entitlement to the earnings information and include the appropriate fee.

#### 1. Someone Else's Earnings
The natural or adoptive parent or legal guardian of a minor child, or the legal guardian of a legally declared incompetent individual, may obtain earnings information if acting in the best interest of the minor child or incompetent individual. You must include proof of your relationship to the individual with your request. The proof may include a birth certificate, court order, adoption decree, or other legally binding document.

#### 2. A Deceased Person's Earnings
You can request earnings information from the record of a deceased person if you are:
• The legal representative of the estate;
• A survivor (that is, the spouse, parent, child, divorced spouse of divorced parent); or
• An individual with a material interest (e.g., financial) who is an heir at law, next of kin, beneficiary under the will or donee of property of the decedent.

You must include proof of death and proof of your relationship to the deceased with your request.

### Is There A Fee For Earnings Information?

Yes. We charge a $91.00 fee for providing information for purposes unrelated to the administration of our programs.

#### 1. Certified or Non-Certified Itemized Statement of Earnings
In most instances, individuals request Itemized Statements of Earnings for purposes unrelated to our programs such as a private pension plan or personal injury suit. Bulk submitters may email OCO.Pension.Fund@ssa.gov for an alternate method of obtaining itemized earnings information.

We will **certify** the itemized earnings information for an additional $34.00 fee. Certification is usually not necessary unless you are specifically requested to obtain a certified earnings record.

Sometimes, there is no charge for itemized earnings information. If you have reason to believe your earnings are not correct (for example, you have previously received earnings information from us and it does not agree with your records), we will supply you with more detail for the year(s) in question. Be sure to show the year(s) involved on the request form and explain why you need the information. If you do not tell us why you need the information, we will charge a fee.

#### 2. Certified Yearly Totals of Earnings
We charge $34.00 to certify yearly totals of earnings. However, if you do not want or need certification, you may obtain yearly totals *FREE* of charge at www.ssa.gov/myaccount. Certification is usually not necessary unless you are advised specifically to obtain a certified earnings record.

### Method of Payment
**This Fee Is Not Refundable. DO NOT SEND CASH.**

You may pay by credit card, check or money order.
• Credit Card Instructions
Complete the credit card section on page 4 and return it with your request form.

• Check or Money Order Instructions
Enclose one check or money order per request form payable to the Social Security Administration and write the Social Security number in the memo.

### How long will it take SSA to process my request?

Please allow SSA 120 days to process this request. After 120 days, you may contact 1-800-772-1213 to leave an inquiry regarding your request.

Form **SSA-7050-F4** (03-2019)                                                    Page 4 of 4

# REQUEST FOR SOCIAL SECURITY EARNING INFORMATION

- **Where do I send my complete request?**

| Mail the completed form, supporting documentation, and applicable fee to: | If using private contractor such as FedEx mail form, supporting documentation, and application fee to: |
|---|---|
| **Social Security Administration**<br>P.O. Box 33011<br>Baltimore, Maryland 21290-33011 | **Social Security Administration**<br>P.O. Box 33011<br>Baltimore, Maryland 21290-33011 |

- **How much do I have to pay for an Itemized Statement of Earnings?**

| **Non-Certified** Itemized Statement of Earnings | **Certified** Itemized Statement of Earnings |
|---|---|
| $91.00 | $125.00 |

- **How much do I have to pay for Certified Yearly Totals of Earnings?**

Certified yearly totals of earnings cost $34.00.  You may obtain non-certified yearly totals FREE of charge at www.ssa.gov/myaccount.  Certification is usually not necessary unless you are specifically asked to obtain a certified earnings record.

## YOU CAN MAKE YOUR PAYMENT BY CREDIT CARD

As a convenience, we offer you the option to make your payment by credit card.  However, regular credit card rules will apply.  You also pay by check or money order.  Make check payable to Social Security Administration.

| | |
|---|---|
| CHECK ONE | ☐ Visa          ☐ American Express<br>☐ MasterCard     ☐ Discover |
| Credit Card Holder's Name<br>(Enter the name from the credit card) | First Name, Middle Initial, Last Name |
| Credit Card Holder's Address | Number & Street<br><br>City, State, & ZIP Code |
| Daytime Telephone Number | Area Code |
| Credit Card Number | |
| Credit Card Expiration Date | (MM/YY) |
| Amount Charged<br>See above to select the correct fee for your request.<br>Applicable fees are $34.00, $91.00, or $125.00.<br>SSA will return forms without the appropriate fee. | $ |
| Credit Card Holder's Signature | Date |

| | |
|---|---|
| **DO NOT WRITE IN THIS SPACE**<br>**OFFICE USE ONLY** | Authorization<br><br>Name                          Date<br><br>Remittance Control # |

Social Security Administration

**Consent for Release of Information**

Form Approved
OMB No. 0960-0566

## Instructions for Using this Form

Complete this form only if you want us to give information or records about you, a minor, or a legally incompetent adult, to an individual or group (for example, a doctor or an insurance company).  If you are the natural or adoptive parent or legal guardian, acting on behalf of a minor child, you may complete this form to release only the minor's non-medical records.  We may charge a fee for providing information unrelated to the administration of a program under the Social Security Act.

**NOTE:** Do not use this form to:

Request the release of medical records on behalf of a minor child.  Instead, visit your local Social Security office or call our toll-free number, 1-800-772-1213 (TTY-1-800-325-0778), or

Request detailed information about your earnings or employment history.  Instead, complete and mail form SSA-7050-F4. You can obtain form SSA-7050-F4 from your local Social Security office or online at www.ssa.gov/online/ssa-7050.pdf.

## How to Complete this Form

We will not honor this form unless all required fields are completed.  An asterisk (*) indicates a required field.  Also, we will not honor blanket requests for "any and all records" or the "entire file."  You must specify the information you are requesting and you must sign and date this form.  We may charge a fee to release information for non-program purposes.

Fill in your name, date of birth, and social security number or the name, date of birth, and social security number of the person to whom the requested information pertains.

Fill in the name and address of the person or organization where you want us to send the requested information.

Specify the reason you want us to release the information.

Check the box next to the type(s) of information you want us to release including the date ranges, where applicable.

For non-medical information, you, the parent or the legal guardian acting on behalf of a minor child or legally incompetent adult, must sign and date this form and provide a daytime phone number.

If you are not the individual to whom the requested information pertains, state your relationship to that person.  We may require proof of relationship.

## PRIVACY ACT STATEMENT

Section 205(a) of the Social Security Act, as amended, authorizes us to collect the information requested on this form.  We will use the information you provide to respond to your request for access to the records we maintain about you or to process your request to release your records to a third party.  You do not have to provide the requested information.  Your response is voluntary; however, we cannot honor your request to release information or records about you to another person or organization without your consent. We rarely use the information provided on this form for any purpose other than to respond to requests for SSA records information. However, the Privacy Act (5 U.S.C. § 552a(b)) permits us to disclose the information you provide on this form in accordance with approved routine uses, which include but are not limited to the following:

1.To enable an agency or third party to assist Social Security in establishing rights to Social Security benefits and or coverage;
2.To make determinations for eligibility in similar health and income maintenance programs at the Federal, State, and local level;
3.To comply with Federal laws requiring the disclosure of the information from our records; and,
4.To facilitate statistical research, audit, or investigative activities necessary to assure the integrity of SSA programs.

We may also use the information you provide when we match records by computer.  Computer matching programs compare our records with those of other Federal, State, or local government agencies.  We use information from these matching programs to establish or verify a person's eligibility for Federally-funded or administered benefit programs and for repayment of incorrect payments or overpayments under these programs. Additional information regarding this form, routine uses of information, and other Social Security programs is available on our Internet website, www.socialsecurity.gov, or at your local Social Security office.

## PAPERWORK REDUCTION ACT STATEMENT

This information collection meets the requirements of 44 U.S.C. § 3507, as amended by section 2 of the Paperwork Reduction Act of 1995. You do not need to answer these questions unless we display a valid Office of Management and Budget control number.  We estimate that it will take about 3 minutes to read the instructions, gather the facts, and answer the questions. **SEND OR BRING THE COMPLETED FORM TO YOUR LOCAL SOCIAL SECURITY OFFICE.  You can find your local Social Security office through SSA's website at** www.socialsecurity.gov**.  Offices are also listed under U.S. Government agencies in your telephone directory or you may call 1-800-772-1213 (TTY 1-800-325-0778).**  You may send comments on our time estimate above to: SSA, 6401 Security Blvd., Baltimore, MD 21235-6401. *Send **only** comments relating to our time estimate to this address, not the completed form.*

**Form SSA-3288** (11-2016) uf
Destroy Prior Editions

Social Security Administration

**Consent for Release of Information**

Form Approved
OMB No. 0960-0566

You must complete all required fields. We will not honor your request unless all required fields are completed. (*Signifies a required field. **Please complete these fields in case we need to contact you about the consent form).

**TO:  Social Security Administration**

| | | |
|---|---|---|
| **\*My Full Name** | **\*My Date of Birth (MM/DD/YYYY)** | **\*My Social Security Number** |

I authorize the Social Security Administration to release information or records about me to:

**\*NAME OF PERSON OR ORGANIZATION:**

Jill Bechtold, Esq.

Smith, Gambrell & Russell, LLP

**\*ADDRESS OF PERSON OR ORGANIZATION:**

50 North Laura Street, Suite #2600

Jacksonville, Florida 32202

**\*I want this information released because:**   Legal purposes
   We may charge a fee to release information for non-program purposes.

**\*Please release the following information selected from the list below:**
  **Check at least one box. We will not disclose records unless you include date ranges where applicable.**

1. ☐ Verification of Social Security Number
2. ☐ Current monthly Social Security benefit amount
3. ☐ Current monthly Supplemental Security Income payment amount
4. ☐ My benefit or payment amounts from date _____ to date _____
5. ☐ My Medicare entitlement from date _____ to date _____
6. ☐ Medical records from my claims folder(s) from date_____ to date_____
      If you want us to release a minor child's medical records, do not use this form.  Instead, contact your local Social Security office.
7. ☐ Complete medical records from my claims folder(s)
8. ☐ Other record(s) from my file (We will not honor a request for "any and all records" or "the entire file." You must specify other records; e.g., consultative exams, award/denial notices, benefit applications, appeals, questionnaires, doctor reports, determinations.)

**I am the individual, to whom the requested information or record applies, or the parent or legal guardian of a minor, or the legal guardian of a legally incompetent adult. I declare under penalty of perjury (28 CFR § 16.41(d)(2004) that I have examined all the information on this form and it is true and correct to the best of my knowledge. I understand that anyone who knowingly or willfully seeking or obtaining access to records about another person under false pretenses is punishable by a fine of up to $5,000. I also understand that I must pay all applicable fees for requesting information for a non-program-related purpose.**

**\*Signature:** _____     **\*Date:** _____

**\*\*Address:** _____     **\*\*Daytime Phone:** _____

**Relationship (if not the subject of the record):** _____     **\*\*Daytime Phone:** _____

Witnesses must sign this form ONLY if the above signature is by mark (X). If signed by mark (X), two witnesses to the signing who know the signee must sign below and provide their full addresses. Please print the signee's name next to the mark (X) on the signature line above.

| 1.Signature of witness | 2.Signature of witness |
|---|---|
| Address(Number and street,City,State, and Zip Code) | Address(Number and street,City,State, and Zip Code) |

**Form SSA-3288** (11-2016) uf

IN THE CIRCUIT COURT OF THE THIRD
JUDICIAL CIRCUIT, IN AND FOR
COLUMBIA COUNTY, FLORIDA

CASE NO.    21-261-CA

MICHAEL MARKS,

     Plaintiff,

v.

EDWIN JAMES WILLIS, an individual,
and J.B. HUNT TRANSPORT, INC.,
a Foreign Profit Corporation,

     Defendants.

_____/

## DEFENDANT J.B. HUNT TRANSPORT, INC.'S RESPONSES
## TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

Defendant, J.B. HUNT TRANSPORT, INC. ("Defendant"), pursuant to Florida Rule of

Civil Procedure 1.370, responds to Plaintiff, MICHAEL MARKS' Request for Admissions to

Defendant as follows:

1.    Please admit that this action brought against the Defendant properly and correctly name
the parties to be sued in this cause.

    **RESPONSE: Defendant objects to this request to extent it seeks a pure conclusion of
law regarding whether this action was "brought against the Defendant properly."
Admitted that Defendant J.B. HUNT TRANSPORT, INC. is properly named.**

2.    Please admit that jurisdiction for the Complaint filed by Plaintiff is properly brought before
the Circuit Court in Indian River County, Florida.

    **RESPONSE: Defendant objects to this request to extent it seeks a pure conclusion of
law regarding whether this action was "properly brought before the Circuit Court in
Indian River County, Florida." All remaining allegations are denied.**

3.    Please admit that the service of process against the Defendant was proper.

    **RESPONSE: Defendant objects to this request to extent it seeks a pure conclusion of
law regarding whether "service of process against the Defendant was proper."**

**Admitted that Defendant J.B. HUNT TRANSPORT, INC. has been served in this matter. All remaining allegations are denied.**

4.      Please admit that this is an action for damages in excess of Thirty Thousand Dollars ($30,000) arising in Indian River County, Florida.

**RESPONSE: Defendant objects to this Request as vague and confusing regarding reference to "Indian River County, Florida." Further, after reasonable inquiry, the information known or readily obtainable to Defendant is insufficient to enable it to admit or deny the remaining allegations contained in this Request, and they are therefore denied.**

5.      Please admit that the Defendant JB HUNT TRANSPORT, INC., a foreign profit corporation, employee, was operating a motor vehicle on as described in the Complaint.

**RESPONSE: Defendant objects to this Request as vague and confusing regarding the phrasing "was operating a motor vehicle <u>on as</u> described in the Complaint." Further, after reasonable inquiry, the information known or readily obtainable to Defendant is insufficient to enable it to admit or deny the remaining allegations contained in this Request, and they are therefore denied.**

6.      Please admit that the motor vehicle operated by Defendant, JB HUNT TRANSPORT, INC.'s employee, was owned by Defendant, JB HUNT TRANSPORT, INC.

**RESPONSE: Admitted.**

7.      Please admit that there are no other individuals or entities that owned the vehicle operated by Defendant, JB HUNT TRANSPORT, INC.

**RESPONSE: Admitted.**

8.      Please admit that the motor vehicle operated by Defendant, JB HUNT TRANSPORT, INC.'s employee, was being operated by Defendant, JB HUNT TRANSPORT, INC.'s employee, with the knowledge, permission and consent of its owner.

**RESPONSE: Admitted.**

9.      Please admit that Defendant, JB HUNT TRANSPORT, INC. was negligent in the operation of a motor vehicle which resulted in the subject collision with Plaintiffs vehicle.

**RESPONSE: Denied.**

10.     Please admit that Defendant, JB HUNT TRANSPORT, INC., received a citation issued by the investigating law enforcement agency arising out of the subject accident.

2

**RESPONSE: Denied.**

11.     Please admit that Defendant pled guilty to the citation in connection with the subject accident.

**RESPONSE: Denied.**

12.     Please admit that Plaintiff was injured in the subject accident.

**RESPONSE: After reasonable inquiry, the information known or readily obtainable to Defendant is insufficient to enable it to admit or deny the allegations contained in this Request and they are therefore denied.**

13.     Please admit that Plaintiff suffered a permanent injury within a reasonable degree of medical probability resulting from the subject accident.

**RESPONSE: After reasonable inquiry, the information known or readily obtainable to Defendant is insufficient to enable it to admit or deny the allegations contained in this Request and they are therefore denied.**

14.     Please admit that Plaintiff was not guilty of negligence which caused or contributed to the subject accident.

**RESPONSE: Denied.**

15.     Please admit that Plaintiff incurred medical expenses for treatment of injuries resulting from the subject accident.

**RESPONSE: After reasonable inquiry, the information known or readily obtainable to Defendant is insufficient to enable it to admit or deny the allegations contained in this Request and they are therefore denied.**

16.     Please admit that Plaintiffs medical expenses were reasonable and necessary for the care and treatment of the injuries sustained in the subject accident.

**RESPONSE: After reasonable inquiry, the information known or readily obtainable to Defendant is insufficient to enable it to admit or deny the allegations contained in this Request and they are therefore denied.**

**SMITH, GAMBRELL & RUSSELL, LLP**

By:   */s/Jill F. Bechtold*
        Jill F. Bechtold
        Florida Bar No.: 0017196
        Email: jbechtold@sgrlaw.com

3

Joshua M. Gostel
Florida Bar No.: 1010506
Email: jgostel@sgrlaw.com
50 N. Laura Street, Suite 2600
Jacksonville, Florida 32202
Tel: (904) 598-6100
Fax: (904) 598-6300
*Attorneys for Defendant,*
*J.B. Hunt Transport, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was filed on January 24, 2022, using the Florida

Court's E-Filing Portal which will send a copy to:

Dan Newlin Injury Attorneys
Joseph F. Scarpa, Jr., Esq.
7335 W. Sand Lake Road, Suite 300
Orlando, FL 32819
Joseph.Scarpa@newlinlaw.com
Tanya.Otero@newlinlaw.com
Sharon.White@newlinlaw.com
*Attorney for Plaintiff*

*/s/ Jill Bechtold*
Attorney

4

IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
IN AND FOR COLUMBIA COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.: 12-2021- 261-CA

MICHAEL MARKS,
     Plaintiff,

vs.

EDWIN JAMES WILLIS, an individual,
And J.B. HUNT TRANSPORT, INC, a foreign
profit corporation,
     Defendants.
_____/

## ORDER OF DISMISSAL ON SPECIFIC DEFENDANTS FOR LACK OF SERVICE

     Upon the Court's review of the file, the Court finds that the Plaintiff has not perfected service on Defendant, EDWIN JAMES WILLIS, within 120 days of filing as required by Florida Rule of Civil Procedure 1.070 (j).

     WHEREFORE, it is hereby **ORDERED**:

     **Defendant, EDWIN JAMES WILLIS, shall be dismissed from this case without prejudice, on March 9, 2022, without further notice,** unless the Plaintiff effects service on the Defendant, EDWIN JAMES WILLIS, prior to that time and files such with the Clerk of Court **or shows good cause in writing on or before said date** as to why said Defendant should not be dismissed.

     DONE and ORDERED in Columbia County, Florida, this _11_ day of February, 2022.

                              WESLEY R. DOUGLAS, Circuit Court Judge

Service List:

Joseph Scarpa, Esq, *for Plaintiff*, joseph.scarpa@newlinlaw.com; tanya.otero@newlinlaw.com; Sharon.white@newlinlaw.com

Jill Bechtold, Esq, *for Defendant, J.B Hunt Transport, Inc*, jbechtold@sgrlaw.com; jgostel@sgrlaw.com

This certifies copies were furnished on 2-14-22
By:

IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT, IN AND FOR COLUMBIA COUNTY FLORIDA

MICHAEL MARKS,                          CASE NO:   21-261-CA

     Plaintiff,

vs.

EDWIN JAMES WILLIS, an individual,
and J.B. HUNT TRANSPORT, INC, a
foreign profit corporation,

     Defendants.

_____/

## PLAINTIFF'S NOTICE OF SERVICE OF ANSWERS TO DEFENDANT'S INTERROGATORIES

Plaintiff, MICHAEL MARKS, by and through the undersigned counsel, hereby serves answers to the Interrogatories propounded by Defendant, J.B. HUNT TRANSPORT, INC, a foreign profit corporation, on February 21, 2022.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of this Notice has been electronically filed with the Clerk of the Courts by using the Florida Courts e-Filing system, as well as furnished via Electronic Mail this 21st day of February 2022 to: **Kathleen Frank Yelverton, Esq.**, Law Offices of Ellen H. Ehrenpreis., 4300 West Cypress Street, STE 900, Tampa, FL 33607; Tampageico@geico.com.

/s/ Joseph Scarpa, Jr., Esq.
Joseph F. Scarpa, Jr., Esq.
Florida Bar No.: 0351880
Dan Newlin Injury Attorneys
7335 W. Sand Lake Road, Suite 300
Orlando, FL 32819
Direct: 407-878-1670

Fax:  321-251-2515
Attorneys for Plaintiff
PRINCIPAL EMAIL ADDRESS:
Joseph.Scarpa@newlinlaw.com
Tanya.Rivera@newlinlaw.com
Sharon.White@newlinlaw.com

IN THE CIRCUIT COURT OF THE THIRD
JUDICIAL CIRCUIT, IN AND FOR COLUMBIA
COUNTY FLORIDA

MICHAEL MARKS,                                    CASE NO:   21-261-CA

      Plaintiff,

vs.

EDWIN JAMES WILLIS, an individual, and
J.B. HUNT TRANSPORT, INC, a foreign
profit corporation,

      Defendants.

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT, J.B. HUNT TRANSPORT, INC.'s, FIRST REQUEST FOR PRODUCTION

      Plaintiff, MICHAEL MARKS, by and through the undersigned counsel, hereby responds to

Defendants, J.B. HUNT TRANSPORT, INC., a foreign profit corporations, Request for Production, dated

February 21, 2022:

1.     All bills, invoices, or statements of charges for services, medications, products or care from any
healthcare provider the Plaintiff claims to be related to an/or caused by an incident alleged in the Complaint.

**See Attached – Copy of Plaintiff's Medical Bills.**

2.     All records and reports from healthcare providers of any nature that Plaintiff claims to be related
to and/or caused by any incident alleged in the Complaint.

**See Attached – Copy of Plaintiff's Medical Records.**

3.     Any correspondence sent by or on behalf of Plaintiff, or received by or on behalf of Plaintiff, to or
from any healthcare provider, including hospitals, physicians, rehabilitation services, physical therapy, etc.,
which pertains to any health or medical care or services provided to Plaintiff, which Plaintiff claims to be
related to or caused by any incident described in the Complaint.

**See Attached – All records included.**

4.     All claims form, reports of accident or injury, notices of claim, medical reports or other written
matter of any king or nature submitted by or on behalf of Plaintiff to any insurance carrier, whether under
a liability, medical payments, or personal injury protection coverage regarding the incident described in
the Complaint.

**See Attached – Copy of the Police Report.**

5.      All invoices, bills, statements or estimates which document, record or reflect any damages, either personal or to property, which Plaintiff claims to be related to or caused by the incident described in the Complaint.

**See Attached – All documents included.**

6.      All documents that support or document the amount of loss claimed by Plaintiff for past wages and the amount of loss claimed by Plaintiff from alleged inability or diminished ability to earn a living as a result of the incident described in the Complaint.

**See Attached – Signed Authorization.**

7.      Copies of all joint or individual income tax returns for Plaintiff, including all schedules and W-2 forms, for the five years immediately prior to the incident described in the Complaint, the year of the incident, and any years subsequent to the incident to the present.

**See Attached – Signed Authorization.**

8.      Copies of any corporate or business income tax returns, including all schedules and attachments, for any corporation, partnership or business in which Plaintiff had an ownership interest for the five years immediately prior to the incident described in the Complaint through the present date.

**See Attached – Signed Authorization.**

9.      A copy of all audio, written or transcribed statements made or given by Plaintiff relating to the incident described in the Complaint.

**Plaintiff has no documents responsive to this request in his possession.**

10.      A copy of all audio written or transcribed statements made or given by Defendant, any agent or employee of Defendant, or any other party whose acts, omissions, or statements are imputed to Defendant.

**Plaintiff has no documents responsive to this request in his possession.**

11.      A copy of all audio, written or described statements made or given by any witness relating to or pertaining to the incident described in the Complaint.

**Plaintiff has no documents responsive to this request in his possession.**

12.      A copy of all insurance policies and a copy of all health insurance cards for insurance policies that afford coverage to Plaintiff for the incident described in the Complaint.

**See Attached – Copy of Plaintiff's insurance cards.**

13.      A copy of all correspondence or documents of any nature from any third party who claims a lien, subrogation right or right of reimbursement as result of payments made by or on behalf of Plaintiff because of the incident described in the Complaint.

**Plaintiff has no documents responsive to this request in his possession.**

14.     All photographs, motion pictures, videotapes or drawings of Plaintiff following the incident described in the Complaint purporting to show his injuries and damages.

**Plaintiff has no documents responsive to this request in his possession.**

15.     All photographs (in color), motion pictures, videotapes or drawings that pertain to any fact or issue involved in this case.

**See Attached – Copy of pictures in Plaintiff's possession.**

16.     Any and all photographs or videos of any and all surgeries undergone or medical care received by Plaintiff as a result of the incident described in the Complaint.

**Please see the response to request for production number 2, above.**

17.     A copy of Plaintiff's birth certificate, all marriage licenses, and records of service in any branch of the Armed Forces including admission and discharge documents.

**Objection, the requested information is overbroad and unlikely to lead to the production of evidence.**

18.     Copies of all prescription records which Plaintiff claims to be related to and/or caused by any incident alleged in the Complaint.

**Plaintiff has no documents responsive to this request in his possession.**

19.     Any accident reports made by any public agency or by any law enforcement organization concerning the incident described in the Complaint.

**Please see the response to request for production number 4, above.**

20.     Copies of all letters or notices, in any form, provided to collateral source providers pursuant to section 768.76(6), Florida Statutes.

**Plaintiff has no documents responsive to this request in his possession.**

21.     A copy of all written documentation of any kind of nature that pertains to any claims of or personal injuries made by Plaintiff during his lifetime, including but not limited to, claim letters, responses from organizations or insurance companies, pleadings, depositions, settlement agreements, releases and evidence of payments.

**Plaintiff has no documents responsive to this request in his possession.**

22.     All documentary evidence of benefits or payments to Plaintiff or on his behalf, as well as documents reflecting payments made to Plaintiff or on his behalf as a result of the incident claimed herein including, but not limited to:

a.      Disability payments pursuant to any Federal, State, or local acts;

b.      Health, sickness or disability income insurance;

c.      Any payments by a group or organization, or other such entity with whom

d.      Plaintiff contracted to provide or to pay for, or reimburse any costs that were allegedly incurred as a result of this incident claimed herein;

e.      Any wage, continuation plan provided by Plaintiff's employer; or

f.      Any other collateral source, whatsoever, providing compensation in whatever form for damages incurred as a result of the incident alleged herein.

**Plaintiff has no documents responsive to this request in his possession.**

23.     Copies of all employment records of Plaintiff for the five years immediately prior to the incident described in the Complaint, year of the incident, and any years subsequent to the incident to the present.

**Plaintiff has no documents responsive to this request in his possession.**

24.     All diaries, chronologies, calendars, notes, or other documents prepared by Plaintiff or anyone else regarding the incident described in the Complaint, including, but not limited to, the medical condition and care provided to Plaintiff.

**Undetermined at this time, discovery is ongoing.**

25.     A HIPAA-compliant Authorization for the Release of Protected Health Information, in the form attached hereto, executed and dated by Plaintiff.

**See attached – Signed HIPAA Authorization.**

26.     A completed IRS Form 4506, Request for Copy of Tax Return, executed by Plaintiff. (Form 4506 is attached.)

**See Attached – Signed IRS Form 4506.**

27.     A completed Form SSA-7050-F4, Request for Social Security Earnings Information, executed by Plaintiff. (Form SSA-7050-F4 is attached.)

**See Attached – Signed Form SSA-7050-F4.**

28.     A Consent for Release of Information related to the Social Security disability records executed by Plaintiff. (Form SSA-3288 is attached.)

**See Attached – Signed Consent for Release of Information.**

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of this Notice has been electronically filed

with the Clerk of the Courts by using the Florida Courts e-Filing system, as well as furnished via Electronic

Mail this 21st day of February 2022 to: **Jill F. Bechtold, Esq**., Smith, Gambrell,  Russell, LLP, 50

N. Laura Street, Suite 2600, Jacksonville, Florida 32202, jbechtold@sgrlaw.com; jgostel@sgrlaw.com.

/s/ Joseph F. Scarpa, Jr.
Joseph F. Scarpa, Jr., Esquire
Florida Bar Number: 351880
DAN NEWLIN INJURY ATTORNEYS
7335 West Sand Lake Road, Suite 300
Orlando, FL 32819
Phone: 407-878-1670
Fax: 321-251-2515
Attorneys for Plaintiffs
Joseph.Scarpa@newlinlaw.com
Tanya.Rivera@newlinlaw.com
Sharon.White@newlinlaw.com

IN THE CIRCUIT COURT OF THE THIRD
JUDICIAL CIRCUIT, IN AND FOR
COLUMBIA COUNTY FLORIDA

MICHAEL MARKS,                                CASE NO:  21-261-CA

      Plaintiff,

vs.

EDWIN JAMES WILLIS, an individual,
and J.B. HUNT TRANSPORT, INC, a
foreign profit corporation,

      Defendants.

_____/

### PLAINTIFF'S AMENDED NOTICE OF SERVICE OF ANSWERS TO DEFENDANT'S INTERROGATORIES

Plaintiff, MICHAEL MARKS, by and through the undersigned counsel, hereby serves

answers to the Interrogatories propounded by Defendant, J.B. HUNT TRANSPORT, INC, a

foreign profit corporation, on February 21, 2022.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of this Notice has been electronically filed

with the Clerk of the Courts by using the Florida Courts e-Filing system, as well as furnished via Electronic

Mail this 21st day of February 2022 to: **Jill F. Bechtold, Esq.**, Smith, Gambrell, Russell, LLP, 50 N. Laura

Street, Suite 2600, Jacksonville, Florida 32202, jbechtold@sgrlaw.com; jgostel@sgrlaw.com.

                    /s/ Joseph F. Scarpa, Jr.
                    Joseph F. Scarpa, Jr., Esquire
                    Florida Bar Number: 351880
                    DAN NEWLIN INJURY ATTORNEYS
                    7335 West Sand Lake Road, Suite 300
                    Orlando, FL 32819
                    Phone: 407-878-1670
                    Fax: 321-251-2515
                    Attorneys for Plaintiffs
                    Joseph.Scarpa@newlinlaw.com

Tanya.Rivera@newlinlaw.com
Sharon.White@newlinlaw.com

IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
IN AND FOR COLUMBIA COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.: 12-2021-CA-261

MICHAEL MARKS,
     Plaintiff,

  vs.

J.B. HUNT TRANSPORT, INC, a foreign
Profit corporation,
     Defendant.
_____/

## <u>CASE MANAGEMENT ORDER WITH ATTACHED PLAN AND PROCEDURES</u>

    **THIS CAUSE** came before the Court on case management review. Based on the review of the file, and pursuant to Rule 2.545, Fla. R. Jud. Admin., the Court has established an initial case management plan, and it is hereby

    **ORDERED** that:

1.   **Case Management Plan**: The parties shall comply with the Case Management Plan (Plan) attached hereto as *"Exhibit A"*, until further order of the court. The parties shall strictly comply with the Plan and should expect that the case will be tried during the trial period specified therein, *without continuances*. The parties cannot agree to extend the deadlines in the Plan and cannot agree to waive any portion of the Plan provisions.

2.   **Procedural Requirements**: In addition to strict adherence to the Florida Rules of Civil Procedure and the Administrative Orders of the Court, the parties shall comply with the Case Management Procedures attached hereto as *"Exhibit B"* to this order. The parties may not unilaterally extend any of the deadlines contained in the Case Management Procedures. Deadlines may be altered by the Court where the interests of justice so requires, upon prompt motion, notice and hearing.

3.   **Trial Term**:  Pursuant to AO 2021-005, this case should be concluded by April 2023.

DONE and ORDERED in Chambers at Columbia County, Florida, on Thursday, March 10, 2022.

12-2021-CA-000261-CAAM 03/10/2022 10:00:25 AM

_____
Wesley Douglas, Circuit Judge
12-2021-CA-000261-CAAM 03/10/2022 10:00:25 AM

**Electronic Service List**:

Joseph Scarpa, Jr, Esq, josephscarpa@newlinlaw.com; tanya.rivera@newlinlaw.com

Jill Bechtold, Esq, jbechtold@sgrlaw.com; jgostel@sgrlaw.com

Copies delivered on Thursday, March 10, 2022 by

1-CA-000261-CAAM 03/10/2022 10:24

_____
Olga T. Green, Judicial Assistant
12-2021-CA-000261-CAAM 03/10/2022 10:24:30 AM

### *"EXHIBIT A"*
(Auto Negligence Case Management Plan)

| | |
|---|---|
| 1. Deadline for Service of Complaint: | Within 120 days after the Complaint is filed pursuant to Florida Rule of Civil Procedure 1.070(j). |
| 2. Service under Extension: | The time for service shall be extended by the Court provided that Plaintiff shows good cause or excusable neglect for the failure to effect service within 120 days. |
| 3. Service when Adding New Parties: | The 120-day period shall begin upon the entry of the order granting leave to amend complaints to add a new party or parties. |
| 4. If no answer filed and Plaintiff has not filed a Motion for Default 30 days after date of service | Case Manager to set Case Status Conference. |
| 5. Date of First Response: (e.g. Answer, Notice of Appearance, Motion for Extension of Time, Motion to Dismiss) | The date of first filing by the Defendant(s). |
| 6. Deadline for Propounding Requests for Production, Requests to Admit and Interrogatories: | Within 90 days out from the first response date. |
| 7. Deadline for Initial Scheduling and Setting Depositions: | Within 110 days out from the first response date. |
| 8. Case Management Conference Date/Time: | If Case Management Conference is requested or required, Case Manager will prepare "Order Setting Case for Case Management Conference" at least two weeks prior to date set. |
| 9. Deadline for Witness and Exhibit List: | Within 160 days out from the first response date. |
| 10. Deadline for Expert Disclosure: *(Parties should furnish opposing counsel with the names and addresses of all expert witnesses under Rule 1.390(a) to be called at trial and all information regarding expert testimony that is required by Rule 1.280(b)(5). Each party is limited to one expert per specialty. No other expert testimony should be permitted at trial. Information furnished pursuant to this paragraph should be timely filed with the Clerk of Courts.)* | Within 160 days out from the first response date. |
| 11. Deadline for Inspections/Examinations: | Within 160 days out from the first response date. |
| 12. Deadline for Discovery Completion (Including Depositions): | Within 180 days out from the first response date. |
| 13. Deadline for Motion for Summary Judgment and other Dispositive Motions: | Within 180 days out from the first response date and at least 40 days prior to trial. |
| 14. Deadline for nonmovant's response to Motion for Summary Judgment with its supporting factual position: | At least 20 days prior to trial. |
| 15. Deadline for Jury Instructions: | Within 180 days out from the first response date. |
| 16. Deadline for ADR/Mediation: | Within 180 days out from the first response date. |

|  |  |
|---|---|
| 17.  Pre-trial Conference: | Within 190 days out from the first response date. Calendar Call will be held at this time. |
| 18.  Notice of Trial date _____ week period: (Trial notice must be sent at least 35 days prior to trial.) | Must include length of trial period and date trial is set to commence.  Case Manager to issue Trial Order as soon as case is at issue. |

## *"EXHIBIT B"*- CASE MANAGEMENT PROCEDURES
### *Motion Practice*

1.  **Duty to Communicate**: Prior to filing any motion, counsel have a duty to confer with each other directly in good faith, *not through law firm staff*, to attempt to narrow or resolve issues. "In good faith" means you are professional and temperate in your communications, you return phone calls and emails in a timely manner, and you do not set unreasonable deadlines for responses.

2.  **Scheduling of Hearings**: Motions filed (other than dispositive motions or those requiring testimony) must be noticed for hearing on the first available motion calendar.

3.  **Motions for Protective Order**: Motions for protective order must be filed as soon as the grounds are known. Counsel should be coordinating deposition dates for specific parties/witnesses and have a duty to confer regarding any issues that would be the subject of a motion for protective order prior to scheduling the deposition. The filing of the motion must not be delayed until immediately prior to the scheduled deposition. A motion for protective order does not automatically stay the deposition and the deposition shall proceed unless an order granting the motion is entered by the Court.

4.  **Dispositive Motions**: Motions which may dispose of specific issues, portions of the case or the entire case should be filed and set for hearing as soon as possible. Parties wishing to pursue a dispositive motion should target the essential discovery promptly. Parties should confer to assure necessary discovery is scheduled to be completed and will be completed prior to a special set hearing date. Last minute cancellations are disfavored.

5.  **Amendment of Pleadings**: Motions to amend should be filed so as not to affect the date of trial. Although the Court recognizes the rule of liberality with regard to amendment of pleadings, liberality declines with an approaching trial date unless the amendment involves newly discovered information not previously available. Review your pleadings for necessary amendment(s) early, not as part of last minute trial preparation.

### *Discovery*

6.  **Written Discovery shall be propounded promptly:**

    a.  **Objections**: If objections to written discovery involve the phrasing of the request or time frame of any discovery request, these objections may not be extended (even if the parties agree) and are due at the time the initial response is due. Failure to timely make these objections, constitutes a waiver. Parties shall comply with the "Duty to Communicate" above, prior to setting timely made objections for hearing.

    b.  **Documents made available for inspection and copying**: If discovery responses provide that the documents are available for inspection and copying at a mutually convenient time and place, the responding party shall immediately (within 48 hours) provide three alternative dates and times that the documents are available for inspection and copying. All of the dates shall be within ten (10) days. Failure to provide the dates and times shall

constitute a failure to respond to discovery. Review shall occur within fifteen (15) days of the response, absent extraordinary circumstances. Examples of "extraordinary circumstances" include a sole practitioner in trial on another case, a medical emergency, prepaid vacation, and a death in the family.

c. **Privilege Logs**: Privilege logs are due at the time of the response and may not be reserved to be provided later. Privilege logs must specifically identify the document in accordance with Rule 1.280(b)(6), Fla.R.Civ.P.

Failure to timely provide the privilege log may result in the waiver of the privilege. This procedure requires preparation of a privilege log with respect to all documents, electronically stored information, things and oral communications withheld on the basis of a claim of privilege or work product <u>except</u> the following: written and oral communications between a party and their counsel after commencement of the action and work product material created after commencement of the action.

Parties are instructed that where they believe that the divulgence of the logging information would necessarily cause disclosure of the allegedly privileged information, they must identify that the item exists and that in *in camera* review by the court will be sought. The item may be described generically. However, if the Court determines that there is nothing inherent in the divulgence of the existence of the document or the logging information required that would violate privilege, the Court will impose sanctions for any *in camera* request determined to be frivolous. *In camera* requests by the party claiming the privilege must be signed by both the requesting attorney and the client, so as to assure that all are aware of the request and the consequences.

7. **Depositions:** The parties are ordered to block time now for necessary depositions to be set in this case. Depositions may commence at any time. Refer to paragraph 4 above regarding motions for protective order.

### *Witness and Exhibit Lists*

8. **Witness and Exhibit Lists:** The parties shall timely exchange their witness and exhibit lists. The lists shall include complete proper names and addresses. If counsel chooses to list their bar address as the witness' address, counsel is deemed to have agreed to produce the witness voluntarily as they have withheld the information necessary for a witness subpoena, and counsel will be responsible for assuring that witness' presence at trial.

### *Mediation*

9. **Mediation:** Parties must mediate by the Court's deadline. The parties are responsible for assuring that they have all the necessary information to value their position prior to mediation. If the parties fail to mediate before the mediation deadline, sanctions shall be imposed by the Court. Failure to timely mediate shall not constitute just cause for a trial continuance.

IN THE CIRCUIT COURT OF THE THIRD
JUDICIAL CIRCUIT, IN AND FOR
COLUMBIA COUNTY FLORIDA

MICHAEL MARKS,                                    CASE NO:  21-261-CA

      Plaintiff,

vs.

EDWIN JAMES WILLIS, an individual,
and J.B. HUNT TRANSPORT, INC, a
foreign profit corporation,

      Defendants.
_____/

### PLAINTIFF'S NOTICE OF SERVING INTERROGATORIES TO DEFENDANT, J.B. HUNT TRANPORT, INC.

The Plaintiff, MICHAEL MARKS, by and through her undersigned counsel, hereby files

this Notice of Serving Interrogatories to the Defendant, J.B. HUNT TRANPORT, INC., a foreign

profit corporation, to be answered under oath and in writing within the and manner prescribed by

law pursuant to Rule 1.340 of the Florida Rules of Civil Procedure.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of this Notice has been electronically

filed with the Clerk of the Courts by using the Florida Courts e-Filing system, as well as furnished

via Electronic  Mail this 14th day of March 2022 to: **Jill F. Bechtold, Esq**., Smith, Gambrell,

Russell, LLP, 50 N. Laura Street, Suite 2600, Jacksonville, Florida 32202, jbechtold@sgrlaw.com;

jgostel@sgrlaw.com.


/s/Joseph F. Scarpa, Jr.
Joseph F. Scarpa, Jr., Esquire
Florida Bar Number: 351880
DAN NEWLIN INJURY ATTORNEYS

7335 West Sand Lake Road, Suite 300
Orlando, FL 32819
Phone: 407-878-1670
Fax: 321-251-2515
Attorneys for Plaintiffs
Joseph.Scarpa@newlinlaw.com
Tanya.Rivera@newlinlaw.com
Sharon.White@newlinlaw.com

IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT, IN AND FOR COLUMBIA COUNTY FLORIDA

MICHAEL MARKS,                          CASE NO:

     Plaintiff,

vs.

EDWIN JAMES WILLIS, an individual,
and J.B. HUNT TRANSPORT, INC, a
foreign profit corporation,

     Defendants.

_____/

## PERSONAL INJURY NEGLIGENCE INTERROGATORIES TO DEFENDANT, J.B. HUNT TRANSPORT, INC.

**PLEASE INSERT YOUR ANSWERS IN THE SPACE PROVIDED BELOW EACH INTERROGATORY. SHOULD ADDITIONAL SPACE BE NEEDED, PLEASE ATTACH AN EXTRA SHEET. "YOU" AND "YOUR" REFER TO THE DEFENDANT TO WHOM THESE INTERROGATORIES ARE DIRECTED. DEFENDANT INCLUDES ALL AGENTS, SERVANTS, OR EMPLOYEES OF DEFENDANT. IF ANSWERING FOR ANOTHER PERSON OR ENTITY, ANSWER WITH RESPECT TO THAT PERSON OR ENTITY, UNLESS OTHERWISE STATED.**

1. What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed, your affiliation with this Defendant, and the length of time you have been employed by this Defendant, and list all the positions you held in the past and your current position.

2.  Describe any and all policies of insurance which you contend cover or may cover JB HUNT TRANPORTS, INC., a foreign profit corporation,. for the allegations set forth in Plaintiff's Complaint, detailing as to such policies the name of the insurer, the number of the policy, the

effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

3. Describe in detail how the incident described in the Complaint happened, including all actions taken by the Defendant driver to prevent the incident.

4. Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

5. State the facts upon which you rely for each of the affirmative defenses in your Answer.

6. Do you contend any person or entity other than you is, or may be, liable in whole or part for the claims asserted against you in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.

7. Was the Defendant driver charged with any violation of law (including any regulations or ordinances) arising out of the incident described in the Complaint? If so, what was the nature of the charge; what plea or answer, if any, was entered to the charge; what court or agency heard the charge; was any written report prepared by anyone regarding the charge, and, if so, what is the name and address of the person or entity who prepared the report; do you have a copy of the report; and was the testimony at any trial, hearing, or other proceeding on the charge recorded in any manner, and, if so, what is the name and address of the person who recorded the testimony.

8. List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit, including eyewitnesses and any individuals who arrived on the scene within two hours after the occurrence, and specify  the subject matter about which the witness has knowledge.

9. Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

10. State the name and address of every person known to you, your agents, or your attorneys who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

11. Do you intend to call any expert witnesses at the trial of this case? If so, state as to each such witness the name and business address of the witness, the witness's qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

12.  If anyone investigated any issue related to this matter for you, including medical experts, private investigators or insurance adjusters, state their name(s) and address(es), and state whether such investigation was reduced to writing. If the investigator obtained any signed statements or recorded statements, identify the person who gave the statement and attach to your Answers a copy of any statement.

13. Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter, and, if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.

14. Does the Defendant driver wear glasses, contact lenses, or hearing aids?

15. Was the Defendant driver suffering from physical infirmity, disability, or sickness at the time of the incident described in the Complaint? If so, what was the nature of the infirmity, disability, or sickness?

16.  Did the Defendant driver consume any alcoholic beverages or take any drugs or medications within twelve (12) hours before the time of the incident described in the Complaint? If so, state the type and amount of alcoholic beverages, drugs, or medication which were consumed, and when and where the Defendant driver consumed them.

17. Did any mechanical defect in your motor vehicle contribute to the incident? If so, describe the nature of the defect and how it contributed to the incident.

18. List the name and address of all persons, corporations, or entities who were registered title owners or who had ownership interest in, or right to control, the motor vehicle that the defendant driver was driving at the time of the incident described in the Complaint; and describe both the nature of the ownership interest or right to control the vehicle, and the vehicle itself, including the make, model, year, and vehicle identification number.

19. At the time of the incident described in the Complaint, identify the driver of the vehicle and if the driver described in your answer to the preceding interrogatory had permission to drive the vehicle and under what specific circumstances the driver of the vehicle was permitted to operate the owner's vehicle on the date of the accident?

20. At the time of the incident described in the Complaint, was the Defendant driver engaged in any mission or activity for any other person or entity, including his employer? If so, where was the driver heading and the time of the accident and where the driver was coming from and their expected time of arrival and state the name and address of that person or entity and the nature of the mission or activity.

21. Was the motor vehicle that the Defendant driver was driving at the time of the incident described in the Complaint damaged in the accident, and, if so, what was the cost to repair the damage?

22. List the names, titles and addresses of all persons who have provided information, aid or assistance in answering any issues addressed in these interrogatory questions, and give a brief summary of the information or assistance rendered by that person(s).

23. Please list all accidents involving Defendant, JB HUNT TRANSPORT, INC., a foreign profit corporation, within the past five (5) years. For each such accident, please include the name and address of any driver of JB HUNT TRANSPORT, INC., a foreign profit corporation, vehicle involved, the name and address of any other driver involved, the court and case number of any action that resulted, and the result of each such action.

24. Please state the extent of Defendant, JB HUNT TRANSPORT, INC., a foreign profit corporation, knowledge of the employee operating the vehicle?

## **SIGNATURE PAGE**

STATE OF _____

COUNTY OF _____

     Before me the undersigned officer, authorized to administer oaths and take acknowledgments, personally appeared ÿ who after being duly sworn, deposes and says: That the answers to the above and foregoing Interrogatories are true and correct to the best of knowledge and belief

                    _____

                    Signature of JB HUNTS TRANSPORT, INC.

SWORN TO AND SUBSCRIBED before me this _____ day of _____, 2022.

_____
Notary Public (signature)

_____
Notary Public (type, print stamp commission)

My Commission Expires: _____

☐ Personally Known OR

☐ Produced Identification

☐ Type of Identification Produced: _____

Case 3:22-cv-00330-TJC-JBT   Document 1   Filed 03/22/22   Page 84 of 128 PageID 84

IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT, IN AND FOR COLUMBIA COUNTY FLORIDA

MICHAEL MARKS,                          CASE NO:   21-261-CA

      Plaintiff,

vs.

EDWIN JAMES WILLIS, an individual,
and J.B. HUNT TRANSPORT, INC, a
foreign profit corporation,

      Defendants.

_____/

## PLAINTIFF'S REQUEST TO PRODUCE TO DEFENDANT, J.B. HUNT TRANSPORT, INC.

Pursuant to the provisions of Rule 1.350, Florida Rules of Civil Procedure, the undersigned counsel requests that the Defendant, J.B. HUNT TRANSPORT, INC., produce and permit the inspection, copying, testing, sampling, measuring, surveying, photographing or otherwise examining the following:

1)      All statements made by any occupants of the vehicles involved in the subject incident.

2)      All statements made by any witnesses to the subject accident.

3)      All statements made by the Plaintiff pertaining to or concerning the subject matter.

4)      All photographs of the vehicles involved in the subject accident.

5)      All photographs of the Plaintiff depicting injuries received in the subject accident.

6)      All photographs of the subject accident scene.

7)      Documents relating to or discussing repairs or maintenance to Defendant's vehicle that were done for the six (6) months period of time preceding and including the date of the accident and for the six (6) month period of time following the date of the accident.

8)      The repair bill and estimates for the repairs to any of the vehicles involved in the accident for damages incurred in the accident.

9)      Any and all policies of liability insurance in effect on the date of the subject accident, providing coverage to the defendant herein.

10)     Appraisals of all property damage sustained by Defendant's vehicle in the subject accident.

11)     Appraisals of the property damage sustained by Plaintiff's vehicle in the subject accident.

12)     A copy of any and all surveillance films, photos, or depictions taken of the Plaintiff as a result of the subject accident.

13)     A copy of any and all insurance agreements, insurance policies or agreements of any kind or nature under which any person or company carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse any payments made to satisfy any such judgment or settlement, including but not limited to a certified copy of the declarations sheet as to each such policy.

14)     Copies of any and all computer generated documents in the possession of the Defendant or any agent, servant and/or employee of the Defendant, which pertains or relate, in any manner or fashion, to and any past claims history of the Plaintiff in this lawsuit.

15)     Copies of any and all checks issued by the Defendant or any agent, servant and/or employee of the Defendant to any other person, firm or company making a claim arising out of the same accident or incident which is the basis of this lawsuit.

16)     All payout records for the insurer of the Defendant for benefits paid to or on behalf of Plaintiff under the personal injury protection and medical payment coverage of the policy.

17)   A copy of the driver's license of the driver involved in the subject accident that existed on the date of the accident as well as the current driver's license.

18)   A copy of the Defendant's mobile phone bill depicting all telephone, text and data usage for the billing period for the subject date of loss.

It is requested that the above document be furnished or produced on or before forty-five (45) days from the date of service hereof, to Joseph Scarpa, Esquire at the offices of Dan Newlin & Partners, 7335 Sand Lake Road, Suite 300, Orlando, FL  32819.

In support of this Request to Produce, it is shown that the documents and/or materials being here requested are believed to be in the possession, custody or control of the party to whom this request is directed. The information sought by this request is relevant to the subject matter of this action and cannot otherwise be obtained without undue hardship. In the event that all or part of the documents, and/or materials herein requested are not in the possession or control of the above-named Defendant addressee, then the undersigned counsel further request the identity and location all persons having such possession and control. This request is made in good faith and for the purposes herein expressed.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of this Notice has been electronically filed with the Clerk of the Courts by using the Florida Courts e-Filing system, as well as furnished via Electronic  Mail this 14th day of March 2022 to: **Jill F. Bechtold, Esq**., Smith, Gambrell, Russell, LLP, 50 N. Laura Street, Suite 2600, Jacksonville, Florida 32202, jbechtold@sgrlaw.com; jgostel@sgrlaw.com.

<u>/s/Joseph F. Scarpa, Jr</u>.
Joseph F. Scarpa, Jr., Esquire
Florida Bar Number: 351880
DAN NEWLIN INJURY ATTORNEYS
7335 West Sand Lake Road, Suite 300
Orlando, FL 32819
Phone: 407-878-1670
Fax: 321-251-2515
Attorneys for Plaintiffs
Joseph.Scarpa@newlinlaw.com
Tanya.Rivera@newlinlaw.com
Sharon.White@newlinlaw.com

## VERIFIED RETURN OF SERVICE

State of Florida

County of COLUMBIA

Circuit Court

Case Number: 21-261-CA

Plaintiff:
**MICHAEL MARKS**

vs.

Defendant:
**EDWIN JAMES WILLIS, an individual, and J.B. HUNT TRANSPORT, INC, a foreign profit corporation,**

For:
JOSEPH SCARPA
DAN NEWLIN INJURY ATTORNEYS
7335 W. SAND LAKE ROAD
SUITE 300
ORLANDO, FL 32819

Received by Professional Investigative Group to be served on **EDWIN JAMES WILLIS, 4099 ELM TRACE DRIVE, LOGANVILLE, GA 30052**

I, Margaret Ruddock, being duly sworn, depose and say that on the **23rd day of February, 2022** at 7:57 pm, I:

**SUBSTITUTE** served by delivering a true copy of the **SUMMONS, COMPLAINT and CASE MANAGEMENT ORDER** to: **Tiffany Willis as Wife** located at address of: **2995 Wellbrook Drive, LOGANVILLE, GA 30052** a person of suitable age and discretion, usual place of **Abode**, who resides therein.

Description of Person Served: Age: 35+, Sex: F, Race/Skin Color: Black, Height: 5:7, Weight: 150, Hair: Black, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

Subscribed and Sworn to before me on the 25th day of February, 2022 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

_Margaret Ruddock_
**Margaret Ruddock**
Process Server

**Professional Investigative Group**
**6151 Lake Osprey Drive**
**3rd Floor**
**Sarasota, FL 34240**
**(877) 733-2296**

Our Job Serial Number: PIC-2021007116

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2h

IN THE CIRCUIT COURT OF THE THIRD
JUDICIAL CIRCUIT, IN AND FOR
COLUMBIA COUNTY, FLORIDA

CASE NO.     21-261-CA

MICHAEL MARKS,

      Plaintiff,

v.

EDWIN JAMES WILLIS, an individual,
and J.B. HUNT TRANSPORT, INC.,
a Foreign Profit Corporation,

      Defendants.

_____/

## DEFENDANT EDWIN JAMES WILLIS' ANSWER AND
## AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

      Defendant, EDWIN JAMES WILLIS ("Defendant"), by and through undersigned counsel,

hereby serves its Answer and Affirmative Defenses to Plaintiff, MICHAEL MARKS' Complaint

and states as follows:

      1.     Admitted for jurisdictional purposes only, otherwise denied.

      2.     Without knowledge and therefore denied.

      3.     Admitted.

      4.     Admitted.

      5.     Denied.

      6.     Admitted for jurisdictional purposes only, otherwise denied.

## FACTS COMMON TO ALL COUNTS

      7.     Admitted.

      8.     Admitted.

      9.     Admitted.

10.     Admitted.

11.     Denied.

12.     Denied.

<div align="center"><b><u>COUNT I – ACTION BY PLAINTIFF FOR NEGLIGENCE<br>AGAINST DEFENDANT EDWIN JAMES WILLIS</u></b></div>

13.     Defendant incorporates its responses to paragraphs 1 through 12 as if fully set forth herein.

14.     Denied.

15.     Denied.

16.     Denied.

Defendant denies that Plaintiff, MICHAEL MARKS, is entitled to any of the relief sought in the WHEREFORE paragraph contained in Count I of the Complaint.

<div align="center"><b><u>COUNT II – ACTION BY PLAINTIFF FOR VICARIOUS NEGLIGENCE<br>AGAINST J.B. HUNT TRANSPORT, INC.</u></b></div>

17 – 21. The allegations contained in these paragraphs are not directed at Defendant EDWIN JAMES WILLIS accordingly, no response is required. To the extent any of the allegations contained in Count II of the Complaint can be construed against Defendant EDWIN JAMES WILLIS, they are denied. In addition, see Defendant J.B. HUNT TRANSPORT, INC's Answers and Affirmative Defenses filed in this matter on December 28, 2021.

Defendant denies that Plaintiff, MICHAEL MARKS, is entitled to any of the relief sought in the WHEREFORE paragraph contained in Count II of the Complaint.

<div align="center"><b><u>AFFIRMATIVE DEFENSES</u></b></div>

Defendant asserts the following defenses, some of which may be affirmative defenses. The following are raised strictly as defenses and are not to be considered admissions to any factual,

<div align="center">2</div>

legal, or other matter. Defendant denies any allegations not expressly admitted, whether contained in the numbered or unnumbered paragraphs in the Complaint, including, without limitation, the unnumbered paragraphs beginning with the word "WHEREFORE" and any and all demands for judgment or relief whatsoever.

1.      Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

2.      Plaintiff has not sustained permanent injuries, scarring, disfigurement, or other injuries sufficient to meet the tort liability threshold as required under Florida's No Fault Threshold Statute § 627.737, et seq; therefore, Defendant is immune from any tort liability in accordance with Fla. Stat. §627.737.

3.      Plaintiff, at the time and place alleged in the Complaint, was the owner of a motor vehicle with respect to which security was required under Fla. Stat. §§627.730-627.741 and is therefore precluded from receiving personal injury protection benefits from Defendant, in accordance with Fla. Stat. §627.736(3). Further, Defendant pleads all applicable defenses and exemptions available under the provisions of said statutes.

4.      At the time and place alleged in the Complaint, Plaintiff was guilty of the negligent maintenance and/or operation of Plaintiff's motor vehicle, which solely caused or proximately contributed to cause the alleged collision and damages complained of and serves to bar or comparatively reduce the amount of damages, if any, which may be awarded.

5.      At the time and place alleged in the Complaint, Plaintiff failed to utilize a seat belt or other safety devices and harnesses during the operation of Plaintiff's motor vehicle, which serves to bar or comparatively reduce the amount of damages, if any, which may be awarded.

6.      Plaintiff has failed to mitigate his damages.

7.      Plaintiff's damages, if any, are the result of a separate force or action, which constitutes the active and efficient intervening/superseding cause of Plaintiff's alleged damages.

8.      The damages and injuries alleged by Plaintiff, if any, are the result of Plaintiff's own bodily functions, genetic history, or pre-existing conditions which manifested before, at, or near the time of the events alleged in the Complaint and for which Defendant is not liable.

9.      The damages awarded to Plaintiff, if any, are subject to apportionment pursuant to Fla. Stat. §768.81, and *Fabre v. Martin,* 623 So, 2d 782 (Fla. 1993). Defendant's liability, if any, is limited to Defendant's percentage of fault as compared to the total fault of those who contributed to the incident, including Plaintiff, whether or not they are parties to this litigation. Defendant, pursuant to the above stated law, asserts that damages, if awarded to Plaintiff, be apportioned and Defendant's liability, if any, be limited to Defendant's percentage of fault as compared to the fault and lability of other parties, if any, who are yet to be determined. Defendant hereby notices their intent to reflect the inclusion of all parties shown by discovery or investigation to have been at fault, in whole or in part, for Plaintiff's damages, if any, on the Verdict Form.

10.     Plaintiff is entitled to recover only the amount of medical expenses actually paid to and accepted by Plaintiff's medical and healthcare providers. Plaintiff is barred from recovering any medical expenses or healthcare costs above and beyond the amounts contracted for and accepted by Plaintiff's medical and healthcare providers, including expenses or costs that have been written off by Plaintiff's medical and healthcare providers.

11.     Defendant is entitled to a setoff of any recovery from any collateral source inuring to Plaintiff's benefit, including, but not limited to, governmental benefits, insurance payments, settlements, or judgments.

12.     Defendant reserves the right to amend and/or supplement these Affirmative Defenses.

## DEMAND FOR JURY TRIAL

Defendant, Defendant EDWIN JAMES WILLIS, demands trial by jury of all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was filed on March 18, 2022, using the Florida Court's E-Filing Portal which will send a copy to:

Dan Newlin Injury Attorneys
Joseph F. Scarpa, Jr., Esq.
7335 W. Sand Lake Road, Suite 300
Orlando, FL 32819
Joseph.Scarpa@newlinlaw.com
Tanya.Otero@newlinlaw.com
Sharon.White@newlinlaw.com
*Attorney for Plaintiff*

SMITH, GAMBRELL & RUSSELL, LLP

By:   */s/Dion K. Bass*
        Jill F. Bechtold
        Florida Bar No.: 0017196
        Email: jbechtold@sgrlaw.com
        Dion K. Bass
        FL Bar No.: 1002209
        Email: dbass@sgrlaw.com
        50 N. Laura Street, Suite 2600
        Jacksonville, Florida 32202
        Tel: (904) 598-6100
        Fax: (904) 598-6300
        *Attorneys for Defendant*

5

## VERIFIED RETURN OF SERVICE

State of Florida

County of COLUMBIA

Circuit Court

Case Number: 21-261-CA

Plaintiff:
**MICHAEL MARKS**

vs.

Defendant:
**EDWIN JAMES WILLIS, an individual, and J.B. HUNT TRANSPORT, INC, a foreign profit corporation.**

For:
JOSEPH SCARPA
DAN NEWLIN INJURY ATTORNEYS
7335 W. SAND LAKE ROAD
SUITE 300
ORLANDO, FL 32819

Received by Professional Investigative Group to be served on **EDWIN JAMES WILLIS, 4099 ELM TRACE DRIVE, LOGANVILLE, GA 30052**

I, Margaret Ruddock, being duly sworn, depose and say that on the **23rd day of February, 2022** at 7:57 pm, I:

**SUBSTITUTE** served by delivering a true copy of the **SUMMONS, COMPLAINT and CASE MANAGEMENT ORDER** to: **Tiffany Willis as Wife** located at address of: **2995 Wellbrook Drive, LOGANVILLE, GA 30052**   a person of suitable age and discretion, usual place of **Abode**, who resides therein.

Description of Person Served: Age: 35+, Sex: F, Race/Skin Color: Black, Height: 5:7, Weight: 150, Hair: Black, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

Subscribed and Sworn to before me on the 25th day
of February, 2022 by the affiant who is personally
known to me.

_____
NOTARY PUBLIC

**Margaret Ruddock**
Process Server

**Professional Investigative Group**
**6151 Lake Osprey Drive**
**3rd Floor**
**Sarasota, FL 34240**
**(877) 733-2296**

Our Job Serial Number: PIC-2021007116

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2h

IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
IN AND FOR COLUMBIA COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.: 12-2021-CA-261

MICHAEL MARKS,
Plaintiff,

vs.

J.B. HUNT TRANSPORT, INC, a foreign
Profit corporation,
Defendant.
_____/

## <u>ORDER SETTING CASE MANAGEMENT CONFERENCE</u>

THIS CAUSE came before the Court for docket review and, therefore, it is hereby ORDERED: Counsel/Parties are directed to appear before the Honorable Wesley R. Douglas, via a Zoom videoconference on **Monday, April 11, 2022,** at **9:30 a.m.** for a Case Management Conference.

**a.** In order to attend your hearing via videoconferencing, you MUST have a computer with internet access and a webcam or a smartphone with video camera capability. In your web browser, type the following address: **https://zoom.us/j/91214097382** five (5) minutes before your hearing time. Please note – your hearing will not start until the designated hearing time; you are to log on early to address technical difficulties.

**b.** If you do not have a computer with internet access and a webcam or you do not have a smartphone with video camera capability available, you may appear by telephone. To appear by telephone, you will call 786-635-1003 and enter the meeting ID of **912 1409 7382**. You may only appear by telephone if you are in the presence, at the time of the hearing, of a Notary Public or other person authorized to administer oaths.

DONE and ORDERED in Chambers at Columbia County, Florida, on Monday, March 21, 2022.

12-2021-CA-000261-CAAM 03/21/2022 12:10:43 PM

_____
Wesley Douglas, Circuit Judge
12-2021-CA-000261-CAAM 03/21/2022 12:10:43 PM

Certificate of Service

I certify that copies of this order have been e-filed and provided to the parties listed below via mailing/emailing on Monday, March 21, 2022.

1-CA-000261-CAAM 03/21/2022 04:36

Olga T. Green, Judicial Assistant
12-2021-CA-000261-CAAM 03/21/2022 04:36:05 PM

Joseph Scarpa, Jr, Esq, josephscarpa@newlinlaw.com; tanya.rivera@newlinlaw.com
Jill Bechtold, Esq, jbechtold@sgrlaw.com; jgostel@sgrlaw.com

**IN ACCORDANCE WITH THE AMERICAN DISABILITIES ACT: "If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Carrina Cooper, Court Administration, 173 NE Hernando Avenue, Room 408, Lake City, Florida 32055, adamail@jud3.flcourts.org or (386)758-2163 at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired call 711."**

IN THE CIRCUIT COURT OF THE THIRD
JUDICIAL CIRCUIT, IN AND FOR
COLUMBIA COUNTY, FLORIDA

CASE NO.     21-261-CA

MICHAEL MARKS,

      Plaintiff,

v.

EDWIN JAMES WILLIS, an individual,
and J.B. HUNT TRANSPORT, INC.,
a Foreign Profit Corporation,

      Defendants.

_____/

## DEFENDANT J.B. HUNT TRANSPORT, INC.'S NOTICE OF SERVING UNVERIFIED ANSWERS TO PLAINTIFF'S PERSONAL INJURY NEGLIGENCE INTERROGATORIES

Defendant, J.B. HUNT TRANSPORT, INC., by and through its undersigned counsel, hereby gives notice, pursuant to Rule 1.340, Florida Rules of Civil Procedure, that its answers to Plaintiff, Michael Mark's, Personal Injury Negligence Interrogatories, numbered 1-24, have been served upon counsel for Plaintiff, this 22nd day of March 2022, via electronic mail.

**SMITH, GAMBRELL & RUSSELL, LLP**

By: */s/Jill F. Bechtold*
Jill F. Bechtold
Florida Bar No.: 0017196
Email: jbechtold@sgrlaw.com
Joshua M. Gostel
FL Bar No.: 1010506
Email: jgostel@sgrlaw.com
50 N. Laura Street, Suite 2600
Jacksonville, Florida 32202
Tel: (904) 598-6100
Fax: (904) 598-6300
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was filed on March 22, 2022, using the Florida

Court's E-Filing Portal which will send a copy to:

Dan Newlin Injury Attorneys
Joseph F. Scarpa, Jr., Esq.
7335 W. Sand Lake Road, Suite 300
Orlando, FL 32819
Joseph.Scarpa@newlinlaw.com
Tanya.Otero@newlinlaw.com
Sharon.White@newlinlaw.com
*Attorney for Plaintiff*

/s/ Jill Bechtold
Attorney

2

Case 3:22-cv-00330-TJC-JBT   Document 1   Filed 03/22/22   Page 99 of 128 PageID 99

IN THE CIRCUIT COURT OF THE THIRD
JUDICIAL CIRCUIT, IN AND FOR
COLUMBIA COUNTY, FLORIDA

CASE NO.    21-261-CA

MICHAEL MARKS,

      Plaintiff,

v.

EDWIN JAMES WILLIS, an individual,
and J.B. HUNT TRANSPORT, INC.,
a Foreign Profit Corporation,

      Defendants.

_____/

### DEFENDANT J.B. HUNT TRANSPORT, INC.'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

      Defendant, J.B. HUNT TRANSPORT, INC. ("Defendant"), pursuant to Florida Rule of

Civil Procedure 1.370, responds to Plaintiff, MICHAEL MARKS' Request for Admissions to

Defendant as follows:

1.     Please admit that this action brought against the Defendant properly and correctly name the parties to be sued in this cause.

    **RESPONSE: Defendant objects to this request to extent it seeks a pure conclusion of law regarding whether this action was "brought against the Defendant properly." Admitted that Defendant J.B. HUNT TRANSPORT, INC. is properly named.**

2.     Please admit that jurisdiction for the Complaint filed by Plaintiff is properly brought before the Circuit Court in Indian River County, Florida.

    **RESPONSE: Defendant objects to this request to extent it seeks a pure conclusion of law regarding whether this action was "properly brought before the Circuit Court in Indian River County, Florida." All remaining allegations are denied.**

3.     Please admit that the service of process against the Defendant was proper.

    **RESPONSE: Defendant objects to this request to extent it seeks a pure conclusion of law regarding whether "service of process against the Defendant was proper."**

**Admitted that Defendant J.B. HUNT TRANSPORT, INC. has been served in this matter. All remaining allegations are denied.**

4.      Please admit that this is an action for damages in excess of Thirty Thousand Dollars ($30,000) arising in Indian River County, Florida.

**RESPONSE: Defendant objects to this Request as vague and confusing regarding reference to "Indian River County, Florida." Further, after reasonable inquiry, the information known or readily obtainable to Defendant is insufficient to enable it to admit or deny the remaining allegations contained in this Request, and they are therefore denied.**

5.      Please admit that the Defendant JB HUNT TRANSPORT, INC., a foreign profit corporation, employee, was operating a motor vehicle on as described in the Complaint.

**RESPONSE: Defendant objects to this Request as vague and confusing regarding the phrasing "was operating a motor vehicle <u>on as</u> described in the Complaint." Further, after reasonable inquiry, the information known or readily obtainable to Defendant is insufficient to enable it to admit or deny the remaining allegations contained in this Request, and they are therefore denied.**

6.      Please admit that the motor vehicle operated by Defendant, JB HUNT TRANSPORT, INC.'s employee, was owned by Defendant, JB HUNT TRANSPORT, INC.

**RESPONSE: Admitted.**

7.      Please admit that there are no other individuals or entities that owned the vehicle operated by Defendant, JB HUNT TRANSPORT, INC.

**RESPONSE: Admitted.**

8.      Please admit that the motor vehicle operated by Defendant, JB HUNT TRANSPORT, INC.'s employee, was being operated by Defendant, JB HUNT TRANSPORT, INC.'s employee, with the knowledge, permission and consent of its owner.

**RESPONSE: Admitted.**

9.      Please admit that Defendant, JB HUNT TRANSPORT, INC. was negligent in the operation of a motor vehicle which resulted in the subject collision with Plaintiffs vehicle.

**RESPONSE: Denied.**

10.     Please admit that Defendant, JB HUNT TRANSPORT, INC., received a citation issued by the investigating law enforcement agency arising out of the subject accident.

2

**RESPONSE: Denied.**

11.     Please admit that Defendant pled guilty to the citation in connection with the subject accident.

      **RESPONSE: Denied.**

12.     Please admit that Plaintiff was injured in the subject accident.

      **RESPONSE: After reasonable inquiry, the information known or readily obtainable to Defendant is insufficient to enable it to admit or deny the allegations contained in this Request and they are therefore denied.**

13.     Please admit that Plaintiff suffered a permanent injury within a reasonable degree of medical probability resulting from the subject accident.

      **RESPONSE: After reasonable inquiry, the information known or readily obtainable to Defendant is insufficient to enable it to admit or deny the allegations contained in this Request and they are therefore denied.**

14.     Please admit that Plaintiff was not guilty of negligence which caused or contributed to the subject accident.

      **RESPONSE: Denied.**

15.     Please admit that Plaintiff incurred medical expenses for treatment of injuries resulting from the subject accident.

      **RESPONSE: After reasonable inquiry, the information known or readily obtainable to Defendant is insufficient to enable it to admit or deny the allegations contained in this Request and they are therefore denied.**

16.     Please admit that Plaintiffs medical expenses were reasonable and necessary for the care and treatment of the injuries sustained in the subject accident.

      **RESPONSE: After reasonable inquiry, the information known or readily obtainable to Defendant is insufficient to enable it to admit or deny the allegations contained in this Request and they are therefore denied.**

                  **SMITH, GAMBRELL & RUSSELL, LLP**

                     By:   */s/Jill F. Bechtold*
                          Jill F. Bechtold
                          Florida Bar No.: 0017196
                          Email: jbechtold@sgrlaw.com

Joshua M. Gostel
Florida Bar No.: 1010506
Email: jgostel@sgrlaw.com
50 N. Laura Street, Suite 2600
Jacksonville, Florida 32202
Tel: (904) 598-6100
Fax: (904) 598-6300
*Attorneys for Defendant,*
*J.B. Hunt Transport, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was filed on March 22, 2022, using the Florida

Court's E-Filing Portal which will send a copy to:

Dan Newlin Injury Attorneys
Joseph F. Scarpa, Jr., Esq.
7335 W. Sand Lake Road, Suite 300
Orlando, FL 32819
Joseph.Scarpa@newlinlaw.com
Tanya.Otero@newlinlaw.com
Sharon.White@newlinlaw.com
*Attorney for Plaintiff*

*/s/ Jill Bechtold*
Attorney

IN THE CIRCUIT COURT OF THE THIRD
JUDICIAL CIRCUIT, IN AND FOR
COLUMBIA COUNTY, FLORIDA

CASE NO.    21-261-CA

MICHAEL MARKS,

      Plaintiff,

v.

EDWIN JAMES WILLIS, an individual,
and J.B. HUNT TRANSPORT, INC.,
a Foreign Profit Corporation,

      Defendants.

_____/

## **DEFENDANT J.B. HUNT TRANSPORT, INC.'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION**

      Defendant, J.B. HUNT TRANSPORT, INC. ("Defendant"), pursuant to Florida Rule of Civil Procedure 1.350, responds to Plaintiff's First Request for Production to Defendant, as follows:

## **GENERAL OBJECTIONS**

      A.     Defendant objects to the Plaintiff's Request to Produce to the extent it attempts to impose any obligation different from or in addition to those imposed by the Florida Rules of Civil Procedure, any applicable Local Rules of this Court, or Orders of the Court.

      B.     Defendant objects to Plaintiff's Request to Produce to the extent it calls for information or documents that were prepared in anticipation of litigation, are protected by the work-product privilege, contain attorney-client communications, or are otherwise privileged.

      C.     Defendant reserves the right to supplement, amend, or correct all or any part of the responses provided in this Response.

Without waiver of any of the foregoing objections, Defendant responds as follows:

1.     All statements made by any occupants of the vehicles involved in the subject incident.

      **RESPONSE: Objection on the grounds that this request violates the attorney-client privilege and/or the work product doctrine, as it encompasses materials generated in defense of this lawsuit and in the anticipation of litigation. Please see the privilege log filed separately.**

      **Subject to and without waiving the foregoing objections, Defendant will produce the Florida Traffic Crash Report related to the incident described in the Complaint, which contains statements made by Plaintiff and Edwin James Willis.**

2.     All statements made by any witnesses to the subject accident.

      **RESPONSE: None.**

3.     All statements made by the Plaintiff pertaining to or concerning the subject matter.

      **RESPONSE: Defendant will produce the Florida Traffic Crash Report related to the incident described in the Complaint, which contains a statement made by Plaintiff.**

4.     All photographs of the vehicles involved in the subject accident.

      **RESPONSE: Objection on the grounds that this request violates the attorney-client privilege and/or the work product doctrine, as it encompasses materials generated in defense of this lawsuit and in the anticipation of litigation. Please see the privilege log filed separately.**

5.     All photographs of the Plaintiff depicting injuries received in the subject accident.

      **RESPONSE: None.**

6.     All photographs of the subject accident scene.

      **RESPONSE: None.**

7.     Documents relating to or discussing repairs or maintenance to Defendant's vehicle that were done for the six (6) months period of time preceding and including the date of the accident and for the six (6) month period of time following the date of the accident.

      **RESPONSE: Objection. This request is vague, overly broad, irrelevant, immaterial, unduly burdensome, not reasonably limited in time and scope, and not reasonably calculated to lead to the discovery of admissible evidence.**

**Further, Defendant objects on the grounds that this request violates the attorney-client privilege and/or the work product doctrine, as it encompasses materials generated in defense of this lawsuit and in the anticipation of litigation. Please see the privilege log filed separately.**

8.   The repair bill and estimates for the repairs to any of the vehicles involved in the accident for damages incurred in the accident.

**RESPONSE: None. Discovery is ongoing.**

9.   Any and all policies of liability insurance in effect on the date of the subject accident, providing coverage to the defendant herein.

**RESPONSE: J.B. Hunt is self-insured for the purposes of the subject claim.**

10.   Appraisals of all property damage sustained by Defendant's vehicle in the subject accident.

**RESPONSE: Objection on the grounds that this request violates the attorney-client privilege and/or the work product doctrine, as it encompasses materials generated in defense of this lawsuit and in the anticipation of litigation.**

**Subject to and without waiving the foregoing objections, none.**

11.   Appraisals of the property damage sustained by Plaintiffs vehicle in the subject accident.

**RESPONSE: Objection on the grounds that this request violates the attorney-client privilege and/or the work product doctrine, as it encompasses materials generated in defense of this lawsuit and in the anticipation of litigation.**

**Subject to and without waiving the foregoing objections, Defendant will produce documents responsive to this request at a time and place mutually convenient to the parties.**

12.   A copy of any and all surveillance films, photos, or depictions taken of the Plaintiff as a result of the subject accident.

**RESPONSE: None.**

13.   A copy of any and all insurance agreements, insurance policies or agreements of any kind or nature under which any person or company carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse any payments made to satisfy any such judgment or settlement, including but not limited to a certified copy of the declarations sheet as to each such policy.

**RESPONSE: J.B. Hunt is self-insured for the purposes of the subject claim.**

14.   Copies of any and all computer generated documents in the possession of the Defendant or any agent, servant and/or employee of the Defendant, which pertains or relate, in any manner or fashion, to and any past claims history of the Plaintiff in this lawsuit.

**RESPONSE:** **Objection. This request is vague, overly broad, irrelevant, immaterial, unduly burdensome, not reasonably limited in time and scope, and not reasonably calculated to lead to the discovery of admissible evidence.**

15.   Copies of any and all checks issued by the Defendant or any agent, servant and/or employee of the Defendant to any other person, firm or company making a claim arising out of the same accident or incident which is the basis of this lawsuit.

**RESPONSE:** **None.**

16.   All payout records for the insurer of the Defendant for benefits paid to or on behalf of Plaintiff under the personal injury protection and medical payment coverage of the policy.

**RESPONSE:** **None.**

17.   A copy of the driver's license of the driver involved in the subject accident that existed on the date of the accident as well as the current driver's license.

**RESPONSE:** **Documents responsive to this request will be produced at a time and place mutually convenient to the parties.**

18.   A copy of the Defendant's mobile phone bill depicting all telephone, text and data usage for the billing period for the subject date of loss.

**RESPONSE:** **Objection on the grounds that this request is vague, overly broad, not limited in scope, and to the extent it seeks to violate the attorney-client privilege and/or the work product doctrine, and/or seeks materials generated in defense of this lawsuit and in the anticipation of litigation.**

**SMITH, GAMBRELL & RUSSELL, LLP**

By: */s/ Jill F. Bechtold*
       Jill F. Bechtold
       Florida Bar No.: 0017196
       Email: jbechtold@sgrlaw.com
       Dion K. Bass
       Florida Bar No.: 1002209
       Email: dbass@sgrlaw.com
       50 N. Laura Street, Suite 2600

4

Jacksonville, Florida 32202
Tel: (904) 598-6100
Fax: (904) 598-6300
*Attorneys for Defendant,*
*J.B. Hunt Transport, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was filed on March 22, 2022, using the Florida

Court's E-Filing Portal which will send a copy to:

Dan Newlin Injury Attorneys
Joseph F. Scarpa, Jr., Esq.
7335 W. Sand Lake Road, Suite 300
Orlando, FL 32819
Joseph.Scarpa@newlinlaw.com
Tanya.Otero@newlinlaw.com
Sharon.White@newlinlaw.com
*Attorney for Plaintiff*

*/s/ Jill Bechtold*
Attorney

IN THE CIRCUIT COURT OF THE THIRD
JUDICIAL CIRCUIT, IN AND FOR
COLUMBIA COUNTY, FLORIDA

CASE NO.     21-261-CA

MICHAEL MARKS,

     Plaintiff,

v.

EDWIN JAMES WILLIS, an individual,
and J.B. HUNT TRANSPORT, INC.,
a Foreign Profit Corporation,

     Defendants.

_____/

## DEFENDANT J.B. HUNT TRANSPORT, INC.'S PRIVILEGE LOG

     Defendant, J.B. HUNT TRANSPORT, INC., by and through undersigned counsel, hereby

serves its privilege log as follows:

| Date | Author | Recipient | Document/Description | Pages | Privilege Asserted |
|------|--------|-----------|----------------------|-------|--------------------|
| 10/29/2018 – 11/17/2021 | J.B. Hunt | J.B. Hunt | Claim Notes | 25 | Work-Product/ Attorney-Client |
| 11/14/2018 | Investigator | J.B. Hunt | Report | 3 | Work-Product/ Attorney-Client |
| 10/29/2018 | J.B. Hunt | J.B. Hunt | Two photographs taken in anticipation of litigation | 2 | Work-Product/ Attorney-Client |

**SMITH, GAMBRELL & RUSSELL, LLP**

By:  */s/Jill F. Bechtold*
     Jill F. Bechtold
     Florida Bar No.: 0017196
     Email: jbechtold@sgrlaw.com
     Dion K. Bass
     FL Bar No.: 1002209
     Email: dbass@sgrlaw.com
     50 N. Laura Street, Suite 2600
     Jacksonville, Florida 32202
     Tel: (904) 598-6100

Fax: (904) 598-6300
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was filed on March 22, 2022, using the Florida

Court's E-Filing Portal which will send a copy to:

Dan Newlin Injury Attorneys
Joseph F. Scarpa, Jr., Esq.
7335 W. Sand Lake Road, Suite 300
Orlando, FL 32819
Joseph.Scarpa@newlinlaw.com
Tanya.Otero@newlinlaw.com
Sharon.White@newlinlaw.com
*Attorney for Plaintiff*

*/s/ Jill Bechtold*
Attorney

2

# Exhibit 2

## VERIFIED RETURN OF SERVICE

State of Florida                    County of COLUMBIA                    Circuit Court

Case Number: 21-261-CA

Plaintiff:
**MICHAEL MARKS**

vs.

Defendant:
**EDWIN JAMES WILLIS, an individual, and J.B. HUNT TRANSPORT, INC, a foreign profit
corporation,**

For:
JOSEPH SCARPA
DAN NEWLIN INJURY ATTORNEYS
7335 W. SAND LAKE ROAD
SUITE 300
ORLANDO, FL 32819

Received by Professional Investigative Group on the 7th day of December, 2021 at 9:17 am to be served on **J.B. HUNT TRANSPORT, INC. C/O
CORPORATION SERVICE COMPANY, AS REGISTERED AGENT, 1201 HAYS STREET, TALLAHASSEE, FL 32301**

I, Michael C. Nolan, being duly sworn, depose and say that on the **8th day of December, 2021** at **8:05 am, I:**

Served the within named CORPORATION by delivering a true copy of the **SUMMONS, COMPLAINT, PLAINTIFF'S REQUEST FOR
ADMISSIONS, PLAINTIFF'S REQUEST TO PRODUCE, NOTICE OF SERVING INTERROGATORIES AND INTERROGATORIES TO
DEFENDANT and CASE MANAGEMENT ORDER** with date and hour of service endorsed thereon by me to **SHEENA BLACK** as employee
authorized to accept service for **CORPORATION SERVICE COMPANY, AS REGISTERED AGENT** at the address of: **1201 HAYS STREET,
TALLAHASSEE, FL 32301**, and informed said person of the contents therein, PURSUANT TO F. S. 48.081(3)(a).

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial
circuit in which the process was served.

F.S. 92.525:  Under penalties of perjury, I declare that I have read
the foregoing and that facts stated in it are true, followed by the
signature of the person making the declaration, except when a
verification on information or belief is permitted by law, in which
case the words: "to the best of my knowledge and belief" may be
added.

_____
**Michael C. Nolan**
111

**Professional Investigative Group**
**6151 Lake Osprey Drive**
**3rd Floor**
**Sarasota, FL 34240**
**(877) 733-2296**

Our Job Serial Number: PIC-2021007115

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1u

# Exhibit 3

Filing # 136326950 E-Filed 10/11/2021 05:20:19 PM

IN THE CIRCUIT COURT OF THE THIRD
JUDICIAL CIRCUIT, IN AND FOR
COLUMBIA COUNTY FLORIDA

MICHAEL MARKS,                            CASE NO: 21-261-CA

     Plaintiff,

vs.

EDWIN JAMES WILLIS, an individual,
and J.B. HUNT TRANSPORT, INC, a
foreign profit corporation,

     Defendants.

_____/

## COMPLAINT

1.     This is an action for damages that exceeds Thirty Thousand Dollars ($30,000.00) exclusive of interest, costs and attorney's fees.

2.     At all times material to this action, Plaintiff, MICHAEL MARKS, was a natural person residing in Marion County, Florida.

3.     At all times material to this action, Defendant, EDWIN JAMES WILLIS, was a natural person residing in Loganville, Georgia.

4.     At all times material to this action, Defendant, J.B. HUNT TRANSPORT, INC., was a foreign profit corporation, principally located and doing business in Lowell, Arkansas.

5.     All other conditions precedent to the bringing of this action have been performed, have occurred or have been waived.

6.     Venue is proper in Columbia County, Florida, because the subject incident occurred in Columbia County, Florida.

## FACTS COMMON TO ALL COUNTS

7.      On or about October 29, 2018, Plaintiff, MICHAEL MARKS, was operating his motor vehicle on Interstate 10 in Lake City, Columbia County, Florida.

8.      At that time and place, Defendant, EDWIN JAMES WILLIS, was operating a commercial motor vehicle owned by the Defendant, J.B. HUNT TRANSPORT, INC., on Interstate 10 in Lake City, Columbia County, Florida.

9.      At that time and place, Defendant, EDWIN JAMES WILLIS, operated the subject commercial motor vehicle with the full knowledge and the express authority, permission and consent of its owner, J.B. HUNT TRANSPORT, INC.

10.     At that time and place, Defendant, EDWIN JAMES WILLIS, was an agent, servant, or employee for Defendant, J.B. HUNT TRANSPORT, INC., acting within the course and scope of his agency, service or employment.

11.     At that time and place, Defendant, EDWIN JAMES WILLIS, negligently and carelessly operated and/or maintained his commercial motor vehicle so as to collide with the motor vehicle driven by Plaintiff, MICHAEL MARKS.

12.     As a result of the collision caused by the negligence of Defendant, EDWIN JAMES WILLIS, for which Defendant, J.B. HUNT TRANSPORT, INC., is vicariously liable under the laws of the State of Florida, Plaintiff, MICHAEL MARKS, sustained serious and permanent injuries.

<u>COUNT I – ACTION BY PLAINTIFF FOR NEGLIGENCE</u>
<u>AGAINST DEFENDANT, EDWIN JAMES WILLIS</u>

13.     Plaintiff, MICHAEL MARKS, adopts and re-alleges Paragraphs 1 through 12 as fully set forth herein.

14.     Defendant, EDWIN JAMES WILLIS, was negligent and careless in the operation of his commercial motor vehicle so as to collide with the motor vehicle operated by Plaintiff, MICHAEL MARKS.

15.     That as a direct and proximate result of the negligence of Defendant, EDWIN JAMES WILLIS, Plaintiff, MICHAEL MARKS, suffered significant bodily injury and resulting pain and suffering, impairment, disability, disfigurement, permanent scarring, mental anguish, activation of a latent defect, permanent aggravation of a previously existing condition, loss of capacity for the enjoyment of life, expense of hospitalization, surgical treatment, medical and nursing care and treatment, loss of earnings, and the loss of ability to earn money. The injuries and losses are either permanent or continuing, and the Plaintiff will suffer the losses in the future.

16.     Plaintiff, MICHAEL MARKS, will suffer or incur the injuries, expenses and impairment in the future.

**WHEREFORE,** Plaintiff, MICHAEL MARKS, demands judgment for damages against Defendant, EDWIN JAMES WILLIS, for personal injuries including the losses enumerated herein, costs, and for other such relief as may be just, equitable and otherwise deemed proper by the Court.

## COUNT II – ACTION BY PLAINTIFF FOR VICARIOUS NEGLIGENCE AGAINST J.B. HUNT TRANSPORT, INC.

17.     Plaintiff, MICHAEL MARKS, adopts and re-alleges Paragraphs 1 through 12 as fully set forth herein.

18.     Defendant, J.B. HUNT TRANSPORT, INC., is vicariously liable for the negligence of Defendant, EDWIN JAMES WILLIS, pursuant to the doctrine of Respondeat Superior.

19.     Defendant, J.B. HUNT TRANSPORT, INC., is vicariously liable for the negligence of Defendant, EDWIN JAMES WILLIS, pursuant to Florida's Dangerous Instrumentality Doctrine.

20.     That as a direct and proximate result of the negligence of Defendant EDWIN JAMES WILLIS, Plaintiff, MICHAEL MARKS, suffered significant bodily injury and resulting pain and suffering, impairment, disability, disfigurement, permanent scarring, mental anguish, activation of a latent defect, permanent aggravation of a previously existing condition, loss of capacity for the enjoyment of life, expense of hospitalization, surgical treatment medical and nursing care and treatment, loss of earnings, and the loss of ability to earn money. The injuries and losses are either permanent or continuing, and the Plaintiff will suffer the losses in the future.

21.     Plaintiff, MICHAEL C. MARKS, will suffer or incur the injuries, expenses and impairment in the future.

**WHEREFORE,** Plaintiff, MICHAEL C. MARKS, demands judgment for damages against Defendant, JB HUNT TRANSPORT, INC., a foreign profit corporation., for personal injuries including the losses enumerated herein, costs, and for other such relief as may be just, equitable and otherwise deemed proper by the Court.

## DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL MARKS, demands a jury trial on all issues so triable on each and every Count set for above.

DATED this 11th day of October, 2021.

Attorneys for Plaintiff:

*/s/ Joseph F. Scarpa, Jr.*
Joseph F. Scarpa, Jr., Esq.
Florida Bar No.: 0351880
Dan Newlin Injury Attorneys
7335 W. Sand Lake Road, Suite 300
Orlando, FL 32819
Ph: (407) 878-1670
Fax: (321) 251-2515

4

In compliance with Fla. R. Jud. Admin. 2.516,
Service Email is:
Joseph.Scarpa@newlinlaw.com
Tanya.Otero@newlinlaw.com
Sharon.White@newlinlaw.com

# Exhibit 4

IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT, IN AND FOR COLUMBIA COUNTY FLORIDA

MICHAEL MARKS,                                CASE NO:  21-261-CA

      Plaintiff,

vs.

EDWIN JAMES WILLIS, an individual, and
J.B. HUNT TRANSPORT, INC, a foreign
profit corporation,

      Defendants.

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT, J.B. HUNT TRANSPORT, INC.'S FIRST SET OF INTERROGATORIES

1.      What is the name and address of the person answering these interrogatories, and, if applicable the person's official position or relationship with the party to whom the interrogatories are directed?

**Michael Marks**
**P.O. Box 1032**
**Myrtle Beach, SC 29578**

**All interrogatories were answered with the assistance of my attorneys.**

2.      List the names, business addresses, dates of employment, and rates of pay regarding all employers, including self-employment, for whom you have worked in the past 10 years.

**Vacation Myrtle Beach Resorts**
**1144 Shine Avenue**
**Myrtle Beach, SC 29577**
**2021-2022**

**Prudential Security**
**20600 Eureka Road, Suite 900**
**Taylor, MI 48180**
**2020**

**Celebration Nightlife**
**1320 Celebrity Circle,**
**Myrtle Beach, SC 29577**
**2018-2020**

**New England Investment Group**
**Self – Employed**

**Renting Campers**
**Citra, Florida 32113**
**2017-Present**

3.      List all former names and when you were known by those names. State all addresses where you
have lived for the past 10 years, the dates you lived at each address, your Social Security number, your date
of birth, and, if you are of have ever been married, the name of your spouse or spouses.
Michael Marks

**Michael Marks**


**6662 Wisteria Drive**
**Myrtle Beach, SC 29588**
**January 2022-Present**

**135 Shetland Wood Drive**
**Myrtle Beach, Florida 29577**
**2020-2022**

**216 Mary Street**
**Myrtle Beach, SC 29577**
**2018-2020**

**16674 Northeast 47th Terrace**
**Citra, Florida 32113**
**2017-2018**

**320 Main Street**
**Jay, ME 04239**
**2012-2017**


**Confidential information such as my Date of Birth and Social Security number will be**
**provided under separate letter to avoid dissemination to the public and/or can be found**
**among the documents served with the response to request to produce.**

4.      Have you ever been convicted of a crime, other than any juvenile adjudication, which under the
law under which you were convicted was punishable by death or imprisonment in excess of 1 year, or that
involved dishonesty or a false statement regardless of the punishment? If so, state as to each conviction the
specific crime and the date and place of conviction.

**No, I have never been convicted of a crime which under the law is punishable by death or**
**imprisonment in excess of one year or that involved dishonesty or a false statement regardless of the**
**punishment.**


5.      Have you ever been arrested and charged with a crime, misdemeanor or felony charge? If so, state
as to each arrest the specific charges brought against you and the disposition of each charge.

**Yes, I was wrongfully charged with a crime in 2001 in Cumberland County in Maine.**

6.       Were you suffering from physical infirmity, disability, or sickness at the time of the incident described in the Complaint? If so, what was the nature of the infirmity, disability or sickness?

**No, I was not suffering from physical, infirmity, disability, or sickness at the time of the incident described in the complaint.**

7.       Did you consume any alcoholic beverages or take any drugs or medications within 12 hours before the time of the incident described in the Complaint? If so, state the type and amount of alcoholic beverages, drugs, or medication which were consumed and when and where you consumed them.

**No, I did not consume any alcoholic beverages or take any drugs or medication within 12 hours before the time of the incident described in the Complaint.**

8.       Describe in detail how the incident described in the Complaint happened, including all actions taken by you to prevent the incident.

**On October 29, 2018, I was operating my vehicle on Interstate 10 in Lake City, Columbia County, Florida when the defendant, Edwin James Willis negligently collided his vehicle into mine.**

9.       Describe in detail each act of omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

**The defendant, Edwin James Willis, was negligent in operating his vehicle.**

10.       Describe each injury for which you are claiming damages in this case, specifying the part of your body that was injured, the nature of the injury, and, as to any injuries you contend are permanent, the effects on you that you claim are permanent.



11.       List each item of expense or damage, other than loss of income or earning capacity, that you claim to have incurred as a result of the incident described in the Complaint, giving for each item the date incurred, the name and business address of the person or entity to whom each was paid or is owed, and the goods or services for which each was incurred.

**Plaintiff would refer Defendant to the medical bills which have been/or will be provided to the Defendant which provide further detail regarding each physician and medical facility that has submitted a medical bill, based upon Plaintiff's present recollection, Plaintiff has been treated and billed by the following medical facilities:**

| PROVIDERS | TOTAL CHARGES | PYMTS/ BY WHOM | BALANCE |
|---|---|---|---|
| **Tidelands Waccamaw Community Hospital** 4070 US-17 BUS Murrells Inlet, SC 29576 | $111,933.62 | Insurance - $2,017.47 Waived - $12,609.24 | $97,306.91 |
| **Marion County Ambulance Company** P.O. Box 919265 Orlando, Florida 32891 | $734.00 | Insurance $330.00 Waived - $309.14 | $94.86 |
| **Century Ambulance** P.O. Box 531781 Atlanta, GA 30353 | $986.60 | *No Payment* | $986.60 |
| **Sterling Medical Group** 1122 NE 36th Avenue Ocala, Florida 34470 | $22,170.62 | Insurance - $4,261.22 | $17,929.94 |
| **Tideland Health Orthopedics** 4040 Highway 17, Suite 101 Murrells Inlet, SC 29576 | *Pending* | *Pending* | *Pending* |
| **Family Wellness Center** 3007 A Church Street Myrtle Beach, Florida 29577 | $14,665.00 | *Pending* | $14,665.00 |
| **North Florida Regional Medical Center** P.O. Box 740771 Cincinnati, OH 45274 | $138,959.75 | Waived - $1,231.25 | $137,728.50 |
| **Gainesville Emergency Medical Association** P.O Box 37798 Philadelphia, PA 19101 | $2,223.00 | Waived - $2,175.42 | $47.58 |
| **Radiology Group of Gainesville** 6716 NW 11th Place, Suite 32605 Gainesville, Florida 32605 | *Pending* | *Pending* | *Pending* |
| **Care First Imaging** P.O. Box 639367 Cinci8nnati, OH 45263 | $9,000.00 | Insurance - $5,738.78 | $3,261.22 |
| **Waterway Family Medicine** 3600 Sea Mountain Highway, Suite C Little River, SC 29566 | $374.72 | Insurance - $347.13 | $27.59 |
| | **TOTAL PENDING CHARGES:** $301,067.31(+) | | **TOTAL PENDING BALANCE:** $272,047.66 (+) |

**There may be others that I do not presently recall. Should other providers come to mind or information becomes available, Plaintiff reserves the right the supplement this response.**

12.     Do you contend that you have lost any income, benefits, or earning capacity in the past or future as a result of the incident described in the Complaint? If so, state the nature of the income, benefits, or earning capacity, and the amount and the method that you used in computing the amount.

**I am claiming loss wages for past and future wages due to this accident. My family and I lost everything due to this accident. I had to move my family up to South Carolina to live with my parents so they could help. We just recently moved into our own home.**

13.     Has anything been paid or is anything payable from any third party for the damages listed in your answers to these interrogatories? If so, state the amounts paid or payable, the name and business address of the person or entity who paid or owes said amounts, and which of those third parties have or claim a right of subrogation.

**I do not have knowledge of an exact monies that have been paid or which are payable.**

**I reserve the right to amend this answer, as discovery and investigation are ongoing.**

14.     List the names and business addresses of each physician who has treated or examined you and each medical facility where you have received any treatment or examination for the injuries for which you seek damages in this case: and state as to each the date of treatment or examination and the injury or condition for which you were examined or treated.

15.     List the names and business addresses of all other physicians, medical facilities or other health care providers by whom or at which you have been examined or treated in the past 10 years; and state as to each the dates of examination or treatment and the condition or injury for which you were examined or treated.

To the best of my recollection, I have only seen primary doctors.

**Stephen Grubb, MD (Primary Doctor)**
**3600 Sea Mountain Highway, Suite C**
**Little River, SC 29566**

**Steven Goss**
**181 Franklin Health CMNS**
**Farmington, ME 04938**

16.     List each pharmacy at which you have filled prescriptions that were prescribed as a result of the incident described in the Complaint.

**Publix**
**Myrtle Beach, SC 29577**

17.     List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

**I do not have knowledge of any persons who are believed or known by me, my agents, or my attorneys to have knowledge of this lawsuit.**

18.     Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issues in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place and substance of each statement.

**Any statements or remarks made?**

19.     State the name and address of every person known to you, your agents, or your attorneys, who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issues involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

**I do not have knowledge of anyone who is in possession, custody, or control of, any model, plat, map, drawing motion picture, videotape, or photograph pertaining to any fact or issues involved in this controversy.**

20.     Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case? If so, state the terms of the agreement and the parties to it.

**No, I have not made an agreement with anyone that would limit liability.**

21.     Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter, and, if so, state whether you were plaintiff or defendant, the nature of the action, the date and court in which suit was filed.

**Please see response to interrogatories number 5, above.**

22.     Have you been involved in an accident or incident in the 10 years before the incident described in your Complaint or in the time since the incident described in your Complaint in which you sustained personal injury or personal property damage? If so, state the date and place of the accident and provide a detailed description of the injuries and treatment that resulted from the accident.

**Yes, off duty cop hit my car in 2020. No claims were made.**

23.     Have you notified any collateral source providers of your claim for damages as alleged in this lawsuit, pursuant to section 768.76, Florida Statutes? If so, please state the name and address of each collateral source provider.

**To the best of my recollection, I have not notified any collateral source providers of this claim for damage in this lawsuit.**

**AFFIDAVIT**

STATE OF Florida

COUNTY OF Columbia

The foregoing instrument was acknowledged before me on this 21st day of February 2022, by Michael Marks. Such person personally appeared before me by means of (__) physical presence or (___) online notarization, and did take an oath that he/she is the Plaintiff in the foregoing action, that he/she has read the information contained in the foregoing answers to interrogatories and attests that the same is true and correct to the best of his/her knowledge and belief.

____________________________
MICHAEL MARKS

The Affiant is: (check one box)

[X] is personally known to me.

[ ] produced a current Florida driver's license as identification.

[ ] produced ______________________ as identification.

{Notary Seal must be affixed}

____________________________
SIGNATURE OF NOTARY

Tanya Otero
Name of Notary (Typed, Printed or Stamped)

My Commission Expires:_______________
*[if not legible on seal]*

Commission Number:__________________
*[if not legible on seal]*

TANYA OTERO
Notary Public
State of Florida
Comm# HH184811
Expires 10/11/2025

# Exhibit 5

**2018  FOREIGN PROFIT CORPORATION ANNUAL REPORT**

DOCUMENT# F93000004725

**Entity Name:** J.B. HUNT TRANSPORT, INC.

**FILED**

**Jan 31, 2018**
**Secretary of State**
**CC9847256488**

**Current Principal  Place of Business:**

615 J.B. HUNT CORPORATE DR.
LOWELL,  AR  72745-0130

**Current Mailing Address:**

P.O. BOX 130
ATTN: SHARON NETHERTON
LOWELL, AR  72745-0598  US

**FEI Number: 58-1081267**                                    **Certificate of Status Desired:**  No

**Name and Address of Current Registered Agent:**

CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL  32301  US

*The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.*

SIGNATURE:

_____

Electronic Signature of Registered Agent                                                              Date

**Officer/Director Detail :**

| | | | | |
|---|---|---|---|---|
| Title | D | | Title | P |
| Name | THOMPSON, KIRK | | Name | ROBERTS, JOHN |
| Address | 615 J.B. HUNT CORPORATE DRIVE | | Address | 615 J.B. HUNT CORPORATE DRIVE |
| City-State-Zip: | LOWELL  AR  72745 | | City-State-Zip: | LOWELL  AR  72745 |
| | | | | |
| Title | CFO | | Title | TREASURER |
| Name | MEE, DAVID G. | | Name | BRACY , KEVIN L |
| Address | 615 J.B. HUNT CORPORATE DRIVE | | Address | 615 J.B. HUNT CORPORATE DR. |
| City-State-Zip: | LOWELL  AR  72745 | | City-State-Zip: | LOWELL  AR  72745-0130 |

*I hereby certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am an officer or director of the corporation or the receiver or trustee empowered to execute this report as required by Chapter 607, Florida Statutes; and that my name appears above, or on an attachment with all other like empowered.*

SIGNATURE: DAVID G MEE                                    CFO                              01/31/2018

_____

Electronic Signature of Signing Officer/Director Detail                                     Date

**2022 FOREIGN PROFIT CORPORATION ANNUAL REPORT**

DOCUMENT# F93000004725

**Entity Name:** J.B. HUNT TRANSPORT, INC.

**FILED**
**Jan 05, 2022**
**Secretary of State**
**1354114522CC**

**Current Principal  Place of Business:**

615 J.B. HUNT CORPORATE DR.
LOWELL,  AR  72745-0130

**Current Mailing Address:**

P.O. BOX 130
ATTN: SHARON NETHERTON
LOWELL,  AR  72745-0598  US

**FEI Number:** 58-1081267                                          **Certificate of Status Desired:**  Yes

**Name and Address of Current Registered Agent:**

CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL  32301  US

*The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.*

SIGNATURE:

_____

Electronic Signature of Registered Agent                                                    Date

**Officer/Director Detail :**

| | | | | |
|---|---|---|---|---|
| Title | D | | Title | P |
| Name | THOMPSON, KIRK | | Name | ROBERTS, JOHN |
| Address | 615 J.B. HUNT CORPORATE DRIVE | | Address | 615 J.B. HUNT CORPORATE DRIVE |
| City-State-Zip: | LOWELL  AR  72745 | | City-State-Zip: | LOWELL  AR  72745 |
| | | | | |
| Title | CFO | | Title | TREASURER |
| Name | KUHLOW, JOHN | | Name | BRACY , KEVIN L |
| Address | 615 J.B. HUNT CORPORATE DRIVE | | Address | 615 J.B. HUNT CORPORATE DR. |
| City-State-Zip: | LOWELL  AR  72745 | | City-State-Zip: | LOWELL  AR  72745-0130 |
| | | | | |
| Title | SECRETARY | | | |
| Name | BOATTINI, JENNIFER | | | |
| Address | 615 J.B. HUNT CORPORATE DR. | | | |
| City-State-Zip: | LOWELL  AR  72745-0130 | | | |

*I hereby certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am an officer or director of the corporation or the receiver or trustee empowered to execute this report as required by Chapter 607, Florida Statutes; and that my name appears above, or on an attachment with all other like empowered.*

SIGNATURE: JOHN KUHLOW                                          CFO                          01/05/2022

_____

Electronic Signature of Signing Officer/Director Detail                                                    Date